BETSEY BEARDSLEY, Respondent, *v.* CHARLES DUNTLEY, Appellant.

The husband of plaintiff, as her agent, but in his own name, entered into a contract under seal with defendant for the sale by the latter of certain real estate. Plaintiff was present during the negotiations. She received the deed from defendant, paid the consideration and took possession of the land. *Held,* that an action could be maintained by plaintiff for fraud in the sale on the part of defendant.

A vendee in a contract for the sale of land is not bound to know what land is contained in the description in his contract or deed, and fraud may be predicated upon representations that the description covers lands not actually included therein.

Where the vendee, induced by such fraudulent representations, accepts a conveyance, not including all the lands orally agreed to be conveyed, and pays the consideration and enters into possession, the statute of frauds is not a bar to an action to compel a specific performance of the oral agreement; and, although no improvements have been made by him upon the lands not included in the deed, he is not confined to relief in damages, but may have specific performance.

*Glass* v. *Hulbert* (102 Mass., 24), distinguished.

(Argued April 20, 1877; decided May 22, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a

judgment in favor of plaintiff, entered upon a decision of the court at special term.

This action was brought to obtain specific performance of an alleged oral agreement for the sale by plaintiff to defendant of a piece of land, the complaint alleging in substance that the land in question was contracted to be sold with various other parcels, and that plaintiff was induced to accept a deed of the other parcels, under and by means of fraudulent representations of defendant that it included the parcel in question.

The plaintiff, through her husband, negotiated with the defendant for the purchase of a farm. The negotiations were oral, and the plaintiff was present. A piece of land of about three acres, lying on the opposite side of the road from the remainder of the farm, was claimed by plaintiff to have been included in the negotiation. Subsequently defendant executed a contract under seal to plaintiff's husband, and the next day executed a deed of the farm to the plaintiff, which did not include the three-acre piece. Plaintiff paid or secured the consideration, went into possession of the farm, including the three-acre piece, cultivated it with defendant's knowledge, and is still in possession. Subsequently, learning that defendant claimed he had not sold the three acres, she demanded a deed thereof. On refusal, she brought this action. On the trial of the action several questions were submitted to the jury, and they found in substance that it was understood by the plaintiff and her husband during the negotiations, and when the deed was delivered, that the sale and conveyance was to embrace the three acres; that the defendant knew at the time that they so understood; that he induced them to accept the deed with the fraudulent purpose and intent to have the three-acre lot excluded therefrom. The court adjudged that the plaintiff was entitled to hold the three acres and was entitled to a deed therefor.

*Richard L. Hand*, for the appellant. The contract not being plaintiff's but her husband's she cannot claim relief based upon fraud in procuring the execution of it. (*Kiersted*

v. *O. and Alex. R. R. Co.*, 3 T. & C., 662; *Guyon* v. *Lewis*, 7 Wend., 26; *Spencer* v. *Field*, 10 id., 87; *Townsend* v. *Corning*, 23 id., 435; *Townsend* v. *Hubbard*, 4 Hill, 351; *Berkeley* v. *Hardy*, 5 B. & C., 355; *Babbett* v. *Young*, 51 N. Y., 238.) Fraud is never presumed but must be established affirmatively. (*Fleming* v. *Slocum*, 18 J. R., 403; *Marsh* v. *Falker*, 40 N. Y., 562; *Wakeman* v. *Dalley*, 51 id., 27.) Parties are always held to know the contents of contracts or other papers executed by them, and unless they rely on representations of another as to the contents of the papers they are bound by them. (*Mulligan* v. *Ill. Cent. R. Co.*, 36 Iowa, 181; *Hopkins* v. *Westcott*, 7 Am. L. Reg. [N. S.], 533; *Murray* v. *Ballou*, 1 J. Ch., 566.) It is an indispensable element of fraud that the party alleging it relied on the representations, was deceived by and acted upon them. (*Taylor* v. *Guest*, 58 N. Y., 262; *Lefler* v. *Field*, 52 id., 621.) It must not only be shown that the plaintiff was deceived, but that by the deceit the real agreement as understood by both parties, was prevented. (*Jackson* v. *Andrews*, 59 N. Y., 244.) If the plaintiff takes as assignee of the contract she can only recover upon a fraudulent inducement to purchase that contract. (*Bently* v. *Smith*, 2 Keyes, 342.) Plaintiff could only recover upon such false representations as were alleged in the complaint and proved. (*Thurman* v. *Mosher*, 3 T. & C., 583.) The verbal negotiation being within the statute of frauds and plaintiff having made no improvements, etc., on the premises, is confined to relief in damages, if entitled to any relief. (*Glass* v. *Gulburt*, 102 Mass., 24; *Dyers* v. *Graves*, 37 Vt., 369.) The motion for a non-suit should have been granted. (*Townsend* v. *Hubbard*, 4 Hill, 351.)

*Rob't S. Hale*, for the respondent. Plaintiff could enforce the contract of her husband, who acted as her agent, in her own name. (*Taintor* v. *Prendergast*, 3 Hill, 72; *Newbury* v. *Garland*, 31 Barb., 121; *Ford* v. *Williams*, 21 How. [U. S.], 287.) The statute of frauds constitutes no defense to plain-

tiff's claims. (2 R. S., 135, § 10; *Malins* v. *Brown*, 4 N. Y., 403; *Lobdell* v. *Lobdell*, 36 id., 327; *Wiswall* v. *Hall*, 3 Paige, 313; *Gillespie* v. *Moor*, 3 J. Ch., 585; *Keisselbrack* v. *Livingston*, 4 id., 144; *DePeyster* v. *Hasbrouck*, 1 Kern., 582; *Welles* v. *Yates*, 44 N. Y., 525; *Barlow* v. *Scott*, 24 id., 40.) Defendant having by direct assertions made, with intent to defraud, thrown plaintiff off her guard, cannot claim that she should have used greater acuteness in detecting his fraud. (*Clark* v. *Rankin*, 46 Barb., 578; Pars. on Con., 461; 2 Kent's Com., 483.)

MILLER, J. The judge at the trial submitted to the jury certain questions of fact, upon which they found in favor of the plaintiff, and we think there is no sufficient ground for claiming that these findings are not sustained by the testimony. The evidence tended to establish that the husband of the plaintiff acted as her agent in making the contract; but the contract being under seal and executed by him in his own name could not be enforced as the contract of another not mentioned in or a party to the instrument, or proof that he had oral authority from such other to enter into the contract, and acted as agent in the transaction. (*Briggs* v. *Partridge*, 64 N. Y., 357.) The case at bar depends upon a different principle, and it appears that although the contract was made with the plaintiff's husband she was present at the negotiation, heard the representations made to him, and finally received the deed from the defendant. She also paid or secured the consideration money, took possession and cultivated theland in question. She thus became the actual party to a contract of sale, which has been executed and carried into effect, and if any false representations were made, or fraud practiced by the defendant, no reason exists why as an actual party she cannot maintain an action to enforce her rights. There was, we think, sufficient evidence to sustain the allegation, and the finding of the jury that the plaintiff understood that the sale and conveyance embraced the three acre lot on the east side of the road, and that the defendant

had knowledge that the plaintiff so understood it, and induced the plaintiff to accept the deed with the fraudulent purpose and intent to have the same excluded.

The proof tended to show that the defendant by his acts and statements conveyed the impression to and induced a belief of the plaintiff that the entire farm was purchased, and that the contract and conveyance covered the three acres in controversy. It is true that fraud is not to be presumed, and must be established by proof; but this legal presumption is rebutted when the attending circumstances lead to the conclusion that a fraud has been perpetrated. The proposition that the parties should be held to know that the description of the premises in the contract and deed did not include the three acres, and that the plaintiff was thereby notified of their contents, we think cannot be maintained. Neither the contract with the plaintiff's husband nor the deed to her establish affirmatively this fact, and it is not difficult to see that a party unfamiliar with the precise boundaries of a farm of land might not discover the omission of an inconsiderable portion of the same from a mere inspection of the papers. More especially might this be the case where such party had reason to believe that it was intended to include such portion in the conveyance. There is certainly strong ground for claiming that the plaintiff was deceived in regard to the description of the premises by the statements of the defendant. A deduction of fraud may be made not only from deceptive assertions and false representations directly made, but from facts, incidents, and circumstances which may be trivial in themselves, but decisive evidence of a fraudulent design. (2 Kent's Com., 484; 1 Parsons on Con., 460, *et seq.*) The conduct of a party which tends to conceal or suppress material facts is frequently as effective in deceiving another, as actual false representations. That the plaintiff relied upon the representations made or the acts of the defendant, and was deceived thereby, is established by the verdict of the jury with sufficient evidence to support it.

The claim of the defendant's counsel that the decision is not sustained by the findings of fact is not, we think, well founded. Although the negotiations originally resulted in a contract with the plaintiff's husband, yet the plaintiff was cognizant of the facts and circumstances connected with the bargain, and of the representations and acts of the defendant, which were continued up to the time of the conveyance to her, and evidently induced a belief on her part that she was purchasing the whole farm. In view of all the facts, it would not be unreasonable to assume that she was induced to accept the conveyance by the suggestions and conduct of the defendant. Having good reason to believe that she purchased the entire farm, and having taken possession under the deed, of the land omitted, the contract actually made by the defendant with her, became executed by this partial performance, and if there was fraud on the part of the defendant in deceiving her as to the lot of land in controversy, she is not precluded by the statute of frauds from maintaining an equitable action to compel performance of the contract. If there is any omission to find the necessary facts to sustain the judgment, the rule for judgment will be construed as a finding of the necessary facts. (*Rider* v. *Powell*, 28 N. Y., 310.) So far as the findings by the jury, under the submission made by the judge, included the husband of the plaintiff, they are not material and cannot affect the decision. It is sufficient that they establish a case in favor of the plaintiff, and beyond that is of no importance.

The defendant further claims that the verbal negotiations being within the statute of frauds, and the plaintiff having made no improvement on the premises, the plaintiff cannot claim the land, but is confined to relief in damages. The case of *Glass* v. *Hulbert* (102 Mass., 24), is relied upon by the defendant to sustain this theory. That case was a bill in equity filed by the purchaser of a lot of land, after taking the deed and paying the price, seeking relief on several grounds, and among others, because, during the negotiations for the sale of the lot, the defendant represented that it

included land which it did not include, and, under that mis-representation, the plaintiff agreed to make the purchase; and it was held, in reference to the additional land, that no decree could be made for its conveyance in the absence of any evidence to estop the defendant from pleading the stat-ute of frauds, and that the only relief was by an action for damages. In the case cited, no possession was taken under the deed of the land excluded, so that, in one of its most material and important characteristics, it differs entirely from the case at bar. Nor does it appear that, in Massa-chusetts, the statute of frauds contains a provision to the effect that nothing contained therein shall be construed to abridge the powers of a court of equity to compel the spe-cific performance af agreements in cases of part performance of the same, as is the case here. (See 2 R. S., 135, § 10.)

In the opinion of the learned judge, after referring to the case of *Smith* v. *Underdunck* (1 Sandf. Ch., 579), and stating that the decision rests upon the fact of possession by the plaintiff of the entire premises, including the part for which the bill was brought, and which, together with the con-tract, was admitted by the demurrer, and therefore the question of the statute of frauds did not arise, it is said: " That the purchaser has been let in possession in pursuance of a parol agreement has been generally recognized as suffi-cient to take it out of the statute." In a subsequent portion of the opinion the rule is laid down that, upon principle, a conveyance of land cannot be decreed in equity by reason of a mere oral agreement, in the absence of evi-dence of a change of situation, a part performance creating an estoppel against the plea of the statute, thus making an exception when possession has been taken under the deed. The marked difference between the cases cited and the one at bar is of such a character that the former could scarcely be considered as an authority applicable to the latter. In the case of *Glass* v. *Hulbert*, above cited, some of the authorities in this State are commented upon and criticised, and it is conceded that the doctrine attempted to be defined

has not been universally recognized or observed. In fact, it is quite clear that the authorities in this State are in a contrary direction, and the uniform current of decisions has been to entertain jurisdiction and grant relief in such cases as not being within the prohibition of the statute of frauds. At a very early period in the history of equity jurisprudence of this State, it was held that equity relieves against a mistake, as well as fraud, and in *Gillespie* v. *Moon* (2 J. Ch., 585) where the verbal agreement was to sell 200 acres, and 250 was erroneously included in the conveyance. The grantee took possession, and a decree was granted directing a reconveyance of the excess. The learned Chancellor Kent remarks: "It would be a great defect in what Lord Eldon terms 'the moral jurisdiction of the court' if there was no relief for such a case." In *Glass* v. *Hulbert* (*supra*), it is conceded that the principle maintained by Chancellor Kent was fully established, but an attempted distinction was said to exist because the relief sought and granted was by way of restricting, and not by enlarging the operation of the deed. The principle is the same, and equally applicable to both cases, as is apparent from the discussion of the cases by the Chancellor in *Gillespie* v. *Moon* (*supra*). Besides, the subsequent decisions in this State distinctly hold that the same principle was applicable where the conveyance or agreement did not include all the land which was intended. (*Wiswall* v. *Hall*, 3 Paige, 313; *De Peyster* v. *Hasbrouck*, 1 Kern., 582; *Welles* v. *Yates*, 44 N. Y., 525; *Kisselbrack* v. *Livingston*, 4 J. C. R., 144.) In the case at bar, the plaintiff took possession under the deed, with the knowledge of the defendant, and has ever since held possession of the same, and, within the cases last cited, was entitled to the relief demanded. The case clearly was not within the statute, as there was sufficient performance to bring it within the well-settled rule that partial performance takes a parol agreement out of the statute of frauds. (*Malins* v. *Brown*, 4 Comst., 410; *Lobdell* v. *Lobdell*, 36 N. Y., 327; 2 R. S., 535, § 10.)

If the views expressed can be upheld, the refusals of the

court to instruct the jury as requested were not erroneous. We think that there is no such variance between the complaint and the proofs, as to the representations made, as to authorize a reversal of the judgment; and, after an examination of the several questions raised as to the admissibility of evidence, we are not able to discover any error in the rulings which seriously affected the defendant.

The judgment was right and must be affirmed.

All concur.

Judgment affirmed.