FRANKLIN P. ROBERGE, Respondent, *v.* MARIA N. WINNE and Another, Appellants.

*A mortgage as consideration for a conveyance — agreement to substitute a valid for a worthless mortgage — verbal agreement executed by one party — Statute of Frauds — consideration.*

In an action brought to compel specific performance of an agreement to execute a mortgage, it appeared that the plaintiff had conveyed certain real estate to the defendant, in accordance with a parol contract which provided that part of the consideration should consist of a certain mortgage upon property of the defendant ; that this mortgage was discovered to be worthless and the defendant then agreed verbally to substitute for it a mortgage for the same amount upon other property, but afterwards refused to comply with that agreement ; the plaintiff brought the action for specific performance, and obtained a decree which directed the defendant to execute the mortgage agreed to be substituted.

*Held,* that the contract for conveyance having been executed by the plaintiff, and the defendant having thereby received the consideration for her promise, the Statute of Frauds did not apply ;

That the consideration for the original mortgage attached to and sustained the mortgage decreed to be executed in its place.*

The decree provided for a mortgage to run a year, while the proof was silent as to the time the mortgage should run.

*Held,* that the law implied that the mortgage should run for a reasonable time ; that a year was a reasonable time ; and that there was no variance.†

APPEAL by the defendants, Maria N. Winne and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Westchester county on the 24th day of

---

* See *Coffin* v. *Lockhart, post,* page ?62. — [REP.

† See *Van Schaick* v. *Van Buren,* 70 Hun, 575. — [REP.

January, 1893, upon a decision of the court rendered after a trial by the court at the Westchester Special Term.

The action was brought to compel the specific performance of an alleged parol agreement by the defendant Maria N. Winne to execute a mortgage for $3,500 on certain real property situate in the town of Greenburgh, in Westchester county, in the place of a mortgage, discovered to be worthless, which it had been agreed should be given to the plaintiff as part consideration for certain real estate in New Jersey, conveyed by the plaintiff to the defendant Winne in accordance with a parol agreement entered into between them.

*Edmund Lewis Mooney* and *Andrew J. Shipman*, for the appellants.

*Frank H. Gray*, for the respondent.

BARNARD, P. J.:

The plaintiff conveyed to the defendant Winne certain real estate in New Jersey. It was part of the contract for the payment of the consideration that Winne should assign a second mortgage of $3,500 on real property on Thirty-ninth street, New York, the first mortgage being $21,000. It was found that there was a second mortgage of $5,000, and that the $3,500 mortgage was worth nothing. The defendant Winne agreed to substitute a first mortgage on her lands in Westchester county for $3,500, and this second mortgage was to be released. The defendant now refuses to comply. The Statute of Frauds does not cover the case. Mrs. Winne has received the consideration for her promise. If the contract was an executory one no action would lie upon it, but it has been performed by one party, and it would be inequitable to refuse a specific performance when the vendee has transferred the property in question without consideration and fraudulently, to evade her promise, and is worth nothing beside this land. (*Beardsley* v. *Duntley*, 69 N. Y. 577; *Newman* v. *Nellis*, 97 id. 285; *Miller* v. *Ball*, 64 id. 286.)

The judgment should be affirmed, with costs.

PRATT, J.:

The justice of the judgment given below cannot be questioned. We need only examine whether any technical objection requires our interference.

Appellants insist that by filing a bill in equity in New Jersey for rescission, plaintiff is precluded from maintaining an action in affirmance of the contract. A sufficient answer is that no such defense is pleaded.

It is said that no consideration existed for the agreement to give the mortgage decreed to be executed. A full consideration was paid in advance for the prior mortgage.

When, upon the failure of that mortgage, the parties agreed upon a substitution, no further consideration than their mutual promises was necessary. The consideration of the first mortgage attached and sustains the last.

Nor is there any merit in the objection that to enforce the agreement to substitute a valid mortgage for the worthless one, plaintiff must surrender the store which was part of the original consideration.

As to the objection that the decree provides for a mortgage to run a year, while the proof is silent as to the time the new mortgage should run, the law implied that the mortgage should run for a reasonable time. We think one year is such a length of time, and that there is no variance.

Judgment must be affirmed, with costs.

DYKMAN, J., not sitting.

Judgment affirmed, with costs.