PRATT, J.: We think the court below correctly held that the law of 1893 cannot be given a retrospective effect so as to change the title to the moneys already in the hands of the defendant. Order affirmed, with costs.

William C. Ackert and Another, Respondents, v. William S. Miller, Appellant.— Judgment affirmed, with costs.—

DYKMAN, J.: This is an appeal from a judgment entered upon the decision of a judge of this court before whom the cause was tried without a jury. The action was commenced for the recovery of money due the plaintiffs from the defendant for labor and services performed in the erection of a house and for bills paid for hauling material to the house. The claim was fully proven and the trial judge found all the facts in favor of the plaintiff, and they are amply sufficient to justify the judgment. The appeal is entirely destitute of merit, and the judgment should be affirmed, with costs. Pratt, J., concurred.

George Duryea, Respondent, v. John Mackey and Others, Appellants.— Judgment affirmed, with costs.—

PRATT, J.: There can be no question of the justice of the decree appealed from. The plaintiff advanced the money with the knowledge and consent of the defendants. It was used for their benefit and they still enjoy the advantages by it procured. As remarked by the trial judge, they are in no position to dispute the validity of the loan. Judgment affirmed, with costs. Dykman, J., concurred: Barnard, P. J., not sitting.

The Bath Gas Light Company, Respondent, v. John Claffy, Appellant.— Judgment affirmed, with costs.—

DYKMAN, J.: This is an appeal from a judgment entered upon the decision of a justice of this court after a trial before him without a jury. We concur in the views of the trial judge and agree to affirm the judgment upon his opinion. Pratt, J., concurred.

Mutual Life Insurance Company, Plaintiff, v. Elisha C. Newell, Defendant. — Appeal withdrawn.

Franklin P. Riberg, Plaintiff, v. Nana N. Winne and Others, Defendants.— Submissions withdrawn.

James B. Wright v. Guillaume A. Rensens.— Motion for reargument denied, with leave to go to the Court of Appeals.

---

# THIRD DEPARTMENT, DECEMBER TERM, 1893.

Mary Aldrich, Respondent, v. Heman Aldrich, Appellant.— Order affirmed, with ten dollars costs and printing and other disbursements. Appeal by the defendant, Heman Aldrich, from an order granting the plaintiff's motion for alimony, counsel fees and expenses in the action, entered in the St. Lawrence county clerk's office July 3, 1893.—

HERRICK, J.: Orders of the kind appealed from are very largely in the discretion of the Special Term. From an examination of the affidavits upon which this order was granted, and the pleadings in the case, it does not clearly appear to me that the Special Term abused the discretion vested in it and, therefore, I think that the order appealed from should be affirmed. Let an order be entered accordingly, with ten dollars costs and printing and other disbursements. Mayham, P. J., and Putnam, J., concurred.

Charles Smith and Patrick Hickey, Respondents, v. Hamilton A. Roblee, Samuel A. Sague and Stephen H. Richards, Appellants; William J. Hammond and Charles W. Mosher and Others, Respondents.— Judgment affirmed, with costs. This is an appeal from a judgment in favor of the plaintiffs establishing a mechanic's lien for $100, and also a like lien in favor of certain defendants for sixty-seven dollars and forty-one cents.—

MAYHAM, P. J.: On a careful examination of the facts and questions of law raised by the appellants in this case, I think that the judgment should be affirmed, and that a written opinion is not required. Putnam and Herrick, JJ., concurred.

Harvey Cook, Appellant, v. Saratoga Victory Manufacturing Company, Respondent.— Judgment affirmed, with costs. Appeal by the plaintiff, Harvey Cook, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Saratoga on the 23d day of November, 1891, upon the verdict of a jury directed by the court after a trial at the Saratoga County Circuit, and also from the order directing a verdict for the defendant and dismissing the plaintiff's complaint upon the merits.—

HERRICK, J.: After a somewhat careful examination and consideration of the evidence in this case, I can see no reason to reverse the action of the court below. Without discussing the evidence it strikes me that the evidence as to whether the new dam was erected higher than the old one, preponderates largely in favor of the defendant, and a finding of the jury to the contrary could not be sustained. It appears to be uncontradicted that the top of the dam was five feet lower than the water of Saratoga lake; that being a fact, I do not see how the dam could cause the water to rise in Saratoga lake. It further appears that the water running over Winne's reef, which is above the dam, and between it and the lake, has some considerable current to it, and if the water set back from the dam so as to cause the water to rise in the lake, it is difficult for me to conceive that there would have been any perceptible current at Winne's reef. The water above the reef appears to have been considerably higher than the water below the reef, which I cannot conceive to be possible if the erection of the dam caused the water of Fish creek to set back to Saratoga lake, so as to raise the water there; that would stop the current in the creek. While it is doubtless true that there has been a gradual rise in the waters of the lake, I fail to see that the evidence shows that the dam is responsible for it. Judgment should be affirmed, with costs. I see no reason to write an opinion. Mayham, P. J., concurred; Putnam, J., not acting.

Wakefield Rattan Company, Plaintiff, v. Shepherd Tappan, Defendant.— Motion for reargument granted. No opinion.

The Albany County Bank, Respondent, v. The Burton and Corey Cider and Vinegar Company, Appellant.— Judgment affirmed, with costs.— Appeal by the defendant, the Burton and Corey Cider and Vinegar Company, from an order and a judgment of the County Court of Albany County in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 2d day of June, 1893, affirming a judgment entered in the City Court of Albany on the 5th day of August, 1892.—

PUTNAM, J.: Whether or not Burton was authorized to borrow money for defendant was,