O’Brien, J.
The judgment in this action requires the defendants to specifically perform a verbal agreement to execute and deliver to the plaintiff a bond and mortgage of $3,500, upon a parcel of land in Westchester county, containing about sixty acres. The? facts found by the learned trial judge indicate that the general result was entirely just, but some questions of law were pressed upon the argument in this court that perhaps are not free from difficulty.
On December 14, 1891, the plaintiff conveyed to the defendantWinne certain real property at Newark, in the state of New Jersey, for which the defendant transferred to him certain securities, and among them a bond and mortgage upon a house in the city of New York for $3,500. The court has found that the mortgage was worthless in fact, and that the plaintiff was induced to take it *285 by means of fraud practiced upon him by the defendant’s agent, who negotiated the agreement for the purchase of the property.
’ Subsequently, and in the early part of January, 1892, the plaintiff called the attention of the purchaser to the circumstances connected with this mortgage upon which his claim of fraud was based, and to its character and value as a security, and thereupon, as is alleged and found, she agreed to execute and deliver, iii its place, the mortgage upon the Westchester property. This agreement she failed to perform, but, on the contrary, about two weeks after she conveyed the property to the defendant Cavanagh. The trial court found that this conveyance was without any consideration, and made for the purpose of defrauding the plaintiff and evading any obligation to execute a mortgage thereon to the plaintiff, and was in fact fraudulent and void. These are the main facts upon which the judgment rests, and while at some points it may be there is some conflict in the evidence, yet it cannot be said that any of the findings are unsupported by proof.
The learned counsel for the defendants contends that the subsequent promise to give the mortgage is void by the sixth section of the statute of frauds. The statute has not been pleaded as a defense, and hence it might well be held that the. defendants éannot now be heard to urge or invoke it as an answer to the plaintiff’s claim for specific performance. Crane v. Powell, 139 N. Y. 379; 54 St. Rep. 659. But we think the contention can be met and answered upon broader grounds. The plaintiff conveyed the title to this property to the defendant, and from all the facts disclosed the original agreement was good in equity by reason of part performance on both sides, but to the extent of the amount of the mortgage the purchaser never further paid the purchase price. The fact that her agent induced the plaintiff by fraud to take a worthless mortgage and the bond of an insolvent person in part payment, does not change the case nor strengthen her defense. The defendant, having obtained the title and possession, there can be no doubt with respect to the power of a court of equity to compel her to transfer to the plaintiff the property which she agreed to give in exchange. The mortgage that she did transfer, however, represented nothing, and that part of her agreement is still unperformed. She recognized this situation by her promise to give another mortgage upon other property as a substitute for the worthless one which her agent had induced the plaintiff to accept by means of fraud. This promise cannot be regarded as a separate and independent agreement. It was a mere modification of the original agreement under which she-obtained the title to the New Jersey property and a part of it. Had she stipulated in the first instance to give the mortgage in question as part payment of the price of the property conveyed to her, it would be difficult to answer a demand for specific performance. The fact that the last agreement was made for the purpose of repairing an injury to the plaintiff through fraud, cannot put him in a more favorable position than he would have occupied had it been made in the first instance. In equity the defendant’s promise to give the mortgage in question may be regarded as relating *286 back to the original agreement and forming part of it, and at least, a modification of it, upon sufficient consideration. When a party obtains title to real estate upon a verbal agreement to transfer in payment of the same to the grantor other property, real or personal, the statute of frauds does not apply and equity will enforce the agreement, since it would be a fraud on the part of the grantee to refuse. Such an agreement is not executory, but completely executed on the part of the grantor, and the purchaser alone is in default. Gases of this character have never been considered as within the statute. Sprague v. Cochran, 144 N. Y. 104; 63 St. Rep. 63; Beardsly v. Duntley, 69 N. Y. 577; Newman v. Nellis, 97 id. 285 ; Miller v. Ball. 64 id. 286 ; Freeman v. Freeman, 43 id. 37.
Therefore, by part performance the original agreement was in. equity taken out of the operation of the Statute of Frauds, and for all the purposes of this case, was, under the circumstances, as-valid as if in writing, and this being so, a subsequent verbal modification of it, with respect to the manner of performance, was not. within the letter or the spirit of the statute. Reed on Stat. of Frauds, vol. 2, § 468; Blanchard v. Trim, 38 N. Y. 225 ; Organ v. Stewart, 60 id. 419 ; Cummings v. Arnold, 3 Met. 486; Packer v. Steward, 34 Vt. 127. There was no change in the terms of the-original contract, but only the substitution, with respect to a single-item, of one mode of performance for another. Goss v. Lord Nugent, 2 N. & M. 28.
It appears that the plaintiff, after the subsequent agreement was-made to give the mortgage in question, filed a bill in equity in the court of chancery of New Jersey to rescind the whole transaction on the ground of fraud, and'to compel the defendant to convey back the property. It is urged that the plaintiff thereby elected to resort to another and inconsistent remedy and is now bound by that election. This general proposition is sustained by authority.. Terry v. Munger, 121 N. Y. 161; 30 St. Rep. 746; Pryor v. Foster, 130 N. Y. 171; 41 St. Rep. 320; Bach v. Tuch, 126 N. Y.. 53 ; 36 St. Rep. 363 ; Mills v. Parkhurst, 126 N. Y. 89; 36 St. Rep. 512 ; Crossman v. U. R. Co., 127 N. Y. 34; 37 St. Rep. 230.
But its application to this case is not so clear. Where such art-election has once been made, with full knowledge of all the facts,, the first action operates substantially as a bar to a subsequent one-by the same plaintiff to enforce another and inconsistent remedy'. Of course it is just as necessary to plead such a defense as it is to-plead a former adjudication or another suit pending for the same-cause of action. The answer contains no such defense, and hence-the» learned counsel for the defendants, fully appreciating this-difficulty, contends that a failure to set up the defense is not now material since the facts were fully established at the trial without objection. If this contention could be held to be correct as matter of fact it is quite likely that he would now be entitled to the-benefit of the point. Fallon v. Lawler, 102 N. Y. 228 ; Knapp v. Simon, 96 id. 284; Moffatt v. Fulton, 132 id. 513 ; 44 St. Rep. 853; Wells v. World's Dispensary, etc., 120 N. Y. 630; 30 St. *287 Rep. 909; Frear v. Sweet, 118 N Y. 454; 29 St. Rep. 972 ; Tarbell v. Royal Exch. S. Co., 110 N. Y. 170; 117 St. Rep. 153.
Where a cause of action or defense, not embraced within the scope of the pleadings, has been established by consent or without objection at the trial, the point that the pleading was not. sufficient to permit the trial of such an issue cannot be made for the first time on appeal.
But we think that the defendant did not establish the necessary facts so clearly and conclusively as to entitle her now to take the benefit of such a defense without pleading. The only proof in the record to sustain such a defense is a certified copy of a bill, filed in the court of chancery of New Jersey on the--19 th of January, 1892. „ It is In the form of a petition addressed to the chancellor, but is not signed or verified by the plaintiff. It is signed by two persons who describe themselves, one as the solicitor and the other as the attorney for the complainant. So far as appears nothing was done except to file this paper. It does not appear that any process or notice was ever,, served upon the-defendant nor does it appear what was the significance or legal effect of a paper thus filed under the law of that state since there-is no proof on the subject. The trial court did not find that the plaintiff had, prior to the commencement of this action, elected to pursue another and inconsistent remedy with knowledge of all the facts, and such a finding, or at least conclusive proof on that subject, is necessary to enable this court to give effect to such a defense. On the contrary, the court refused to make such a finding upon the proof, and we think that the defendant did not go far enough into proof on this subject to enable her now to claim that such refusal was error. There was nothing to show that the plaintiff in this action had ever seen the petition, and its language is evidently that of the solicitor or attorney. Since the defendant by her answer gave no notice to the plaintiff of her intention to rely upon any such defense, she is now bound to show by the record that enough came out on the trial to require this court to say, as matter of law, that the plaintiff had, with knowledge of all the facts, made his election by, at least, the commencement, of an action. The record, we think, falls far short of disclosing such a state of facts.
It is also urged that the verbal agreement to give the mortgage-in question was too indefinite and uncertain in its terms to justify a judgment for specific performance. This proposition is based upon the circumstance that there was no proof as to the rate of interest it was to draw or the time it was to-run. But we think that the defendant’s promise to substitute a good security for a worthless one fairly implied that the new mortgage was to draw the same rate of interest and run the same period of time as the one which it was to replace. The trial court found that the agreement was to give a new bond and mortgage at one year at six per cent., and the judgment requires the defendant to- execute the mortgage according to these terms. The agreement, under the circumstances, implied a promise to give a mortgage bearing legal interest. The evidence tended to show that at the time of the- *288 trial the first mortgage was past due.' The agreement that the mortgage should have a year to run was not unreasonable and •affords to the defendant no just ground of complaint. A verbal • agreement of this character will not be permitted to fail in equity because the parties have not distinctly specified all the details, but the court will look to the substance of the transaction, and in this •case that was that the defendant should give a new mortgage in place of the old one. There can be no claim that the decree does •any injustice to the defendant with respect to the terms of the mortgage which it requires her to execute. If she in fact agreed to replace the worthless security with a good one, as the trial •court has found, the terms of payment are sufficiently favorable.
The defendant’s counsel produced at the. trial an unsigned paper which her agent had drawn or procured to be drawn before the land was conveyed. It was claimed that this paper, though never •executed, contained the terms of the original agreement, and if there was any dispute on that’point it was perhaps admissible if shown to embody their verbal negotiations. Eager v. Crawford, 76 N. Y. 97. But there was really no question as to what the defendant was to receive and how she was to pay for the property. The issue was in regard to the fraud, which consisted of statements of certain facts on the one side and reliance upon the truth of those statements on the other. Whether the paper contained •anything that threw any light upon this issue we cannot know, ■since it does not appear, in the record. The defendant’s counsel now insisting upon an exception to the ruling of the court excluding the writing, is bound to show that it contained some com-' petent evidence on the questions in controversy, or some of them, and we cannot say from what took place on the trial, as disclosed by the record, that it did, or that the ruling was prejudicial to the defendant. Moreover, it did not appear that the plaintiff had ever seen or read the paper offered. The defendant’s agent and attorney in fact, who transacted the business for her, testified, in substance, that he left a copy of it with him; but the plaintiff, who was made a witness on this point for the defendant, testified, in substance, that the paper which he saw was nota copy of the one ■offered. It is apparent, therefore, that before the paper offered could have been admitted the court had to decide a preliminary question of fact whether the plaintiff had such knowledge of the contents of the unsigned paper as to make it binding upon him as evidence, and in deciding this question against the defendant we ■cannot say, as matter of law, that the learned judge was in error. '
On the whole we think that the learned counsel for the defendant has failed to show that any legal error was committed that would warrant this court in disturbing the judgment, and it should, -therefore, be affirmed, with costs.
O’Brien, J., reads for affirmance; Finch, J.,' concurs; Andrews, Oh. J., Peckham, Gray and Bartlett, JJ., concur in result; Haight, J., not sitting.
Judgment affirmed.