But what is the penalty for a failure to comply with the notice? Under the decision in Matter of Grout, 105 App. Div. 98, 93 N. Y. Supp. 711, the right of the comptroller to examine under section 149 of the charter ends with the commencement of an action based on the claim. The only question therefore is whether, when a claimant contumaciously and deliberately refuses to comply with the comptroller's requirement that he attend for examination, the comptroller has had such an opportunity to adjust the claim that, the 30 days' limit having expired, he can be said to have neglected or refused to make an adjustment of the claim, which is an essential prerequisite to the right to sue. And this question would arise even if a subpœna were issued, for, if its disobedience could be punished as a contempt, still that would not of itself bar the right to recover, and the essential thing, in order to prevent fraud upon the city, is to enforce the right of examination before suit can be brought; but it is not necessary, nor is it advisable, to decide the question in this proceeding. That must be determined in the original action, either in the court of first instance or on appeal, for the question can be raised, and the fact of no examination having been had can be brought out, either by cross-examination of the plaintiff, or by the city's own case in defense, and the denial of the right to make such proof would be reviewable, and, while the order denying a stay cannot be appealed from, under the Municipal Court act (Laws 1902, p. 1486, c. 580), that does not deprive the city of its right to test the question by review of any judgment that may be obtained against it. The writ of prohibition therefore should not be issued herein, for it should never be granted where the court sought to be enjoined has jurisdiction, legally vested in it, both of the subject-matter of the litigation and of the parties to it, and where a right of review by appeal exists in favor of the party who may be aggreived.

Application denied, with costs. Settle order on notice.

Application denied.

(63 Misc. Rep. 458.)

LAWLOR v. DENSMORE-COMPTON BLDG. CO. et al.

(Supreme Court, Special Term, New York County. May, 1909.)

1. SPECIFIC PERFORMANCE (§ 32*)—MUTUALITY OF CONTRACTS.
     As against plaintiff's suit for specific performance of a contract, whereby defendant agreed to sell premises to plaintiff, plaintiff to have the right to make payment by application of commissions she might earn in selling certain premises for defendant, a mortgage to be given for any balance, which could be paid off by commissions plaintiff might earn in selling other property for defendant, want of mutuality of contract cannot be urged, as in case of an agreement purely executory; plaintiff having made part payment by so earning commissions.

     [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 91; Dec. Dig. § 32.*]

2. SPECIFIC PERFORMANCE (§ 28*)—CONTRACT—DETAILS.
     Though a contract to sell does not specify the time of maturity of the deferred payments, the mortgage securing which it was provided the purchaser might pay by application of commissions she might earn by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

making sales for the vendor, yet equity will enforce it, fixing a reasonable time within which the debt shall mature.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 67; Dec. Dig. § 28.*]

3. SPECIFIC PERFORMANCE (§ 99*)—EXCUSING DELAY IN PAYMENT.

　　Where plaintiff signed a written agreement to pay the price of premises in cash, whereupon she was to be entitled to a conveyance from defendant, its separate but contemporaneous promise to take as part payment a mortgage payable from commissions plaintiff might earn in making sales for it, if unenforceable, was such a representation as excused her failure to make prompt payment of the installments of cash provided for, and estop it from asserting her default, and so to entitle her to specific performance.

[Ed. Note.—For other cases, see Specific Performance, Dec. Dig. § 99.*]

Action by Lillie Lawlor against the Densmore-Compton Building Company and others. Heard on issues of law on demurrer to complaint for insufficiency of substance. Demurrer overruled.

See, also, 60 Misc. Rep. 555, 112 N. Y. Supp. 435.

Claude Gignoux, for defendants and demurrer.
Ernest W. Cushing, for plaintiff, opposed.

BISCHOFF, J. This action is brought for specific performance of a contract entered into by the plaintiff with the defendant Densmore-Compton Building Company, a corporation, whereby the latter agreed to sell to the plaintiff a certain apartment in an apartment house, the erection of which the corporation had undertaken. The selling price was to be $22,500, and the plaintiff signed a subscription agreement, whereby she was to purchase the apartment at that price; but, by a contemporaneous writing, it was provided that payment might be made by application of the commissions which the plaintiff might earn through her efforts in procuring purchasers of other apartments in this building, and, in the event of her commissions not being sufficient to meet the full price, the defendant agreed to loan her the balance upon a mortgage on the apartment so sold to her, which mortgage could be paid off by applying commissions to which the plaintiff might become entitled in selling apartments in other apartment buildings upon this "co-operative" plan which the defendant expected thereafter to erect. Alleging the defendants' refusal to carry out the agreement and to give her possession of the apartment as agreed, upon completion of the building, the plaintiff prays for an injunction to restrain the interference with her possession and occupation and for specific performance of the contract. In support of the demurrer to the complaint for insufficiency, it is urged that this agreement lacks mutuality, that it is too indefinite to be enforced by a court of equity, and that an attempted enforcement would involve the court's direction or supervision of the plaintiff's rendition of personal services, if the agreement is to be mutually carried out. I find no such difficulty with the substantial enforcement of the contract. Certainly the plaintiff, upon the facts alleged, should be af-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

forded relief, if the court has power to grant it; and the technicalities sought to be invoked to sustain this demurrer do not, in my view, suffice for the purpose.

It appears from the complaint that, pursuant to the agreement, the plaintiff performed services in obtaining purchasers of the apartments in the building, and has become entitled to commissions in the sum of $4,750. To this extent the contract had been executed on her part, and the defendant corporation has received the benefit of her performance. Thus the question of the presence or absence of mutuality, which might arise in the case of an attempt to enforce an agreement purely executory in its nature, is not present here. Having made the part payment contemplated by the parties, the plaintiff became entitled to possession of the apartment upon her executing a mortgage for the balance of the purchase price; and, while the duration of that mortgage was not expressed by the agreement, equity may still enforce the convention of the parties, according to their apparent intention, and fix a reasonable time within which the principal debt should mature.

When treating of a similar situation, in Roberge v. Winne, 144 N. Y. 709, 39 N. E. 631, the court said:

"That the mortgage should have a year to run was not unreasonable and affords to the defendant no just ground of complaint. A verbal agreement of this character will not be permitted to fail in equity because the parties have not distinctly specified all the details; but the court will look to the substance of the transaction. There can be no claim that the decree does any injustice to the defendant in respect to the terms of the mortgage which it requires her to execute."

See, also, Hale v. Omaha Bank, 49 N. Y. 626.

For a further reason, the complaint states a cause of action for equitable relief in the form of specific performance; the conditions to the granting of that relief on the trial being made to depend upon whether the defendants' promise to take part of the consideration for the sale of the apartment in the form of a mortgage, payable out of commissions, was enforceable.

The plaintiff signed a written agreement, whereby she became chargeable with payment of the purchase price in cash, and she was entitled to a conveyance or "proprietary lease" of the apartment, should she make this payment. If the defendant Densmore-Compton Building Company is right in its contention that its own separate but contemporaneous promise to take a mortgage payable from commissions to be earned is for some reason unenforceable according to its terms, still the plaintiff did not waive such benefits as accrued to her under the main subscription agreement; and the defendants' promise to her, upon the faith of which she rendered her services, so far operated as a sufficient representation to excuse her failure of prompt payment of the installments of cash subscribed and to estop the defendants from asserting her default. All the necessary facts being pleaded, equity may enforce the agreement, whether by requiring, upon the plaintiff's part, the payment of cash to the extent of the balance of the purchase price, or by fixing a time within which the mortgage for the balance of the price, above commissions earned, should

mature, if, in the judgment of the court, on the trial, the evidence affords a sufficient basis for such a direction.

The demurrer is therefore overruled, with costs, with leave to the defendants to plead over on payment of costs within 20 days.

Demurrer overruled, with costs, with leave to defendants to plead over on payment of costs within 20 days.