OWNERS HOLDING CORPORATION, Respondent, v. JACOB P. KISSLING and Others, Appellants.

Supreme Court, Appellate Term, Second Department, January 30, 1926.

**Deeds — action for breach of covenant against incumbrances — action not maintainable against undisclosed principal.**

An action to recover damages for a breach of covenant against incumbrances, based on a deed under seal, cannot be maintained against an undisclosed principal of the grantor.

APPEAL from an order of the Municipal Court, Brooklyn, Sixth District, denying the motion to dismiss the complaint in an action to recover for breach of a covenant against incumbrances.

*Howard C. Taylor*, for the appellants.

*Justin S. Galland*, for the respondent.

PER CURIAM. Order unanimously reversed upon the law, with ten dollars costs to the appellants, and motion granted.

The complaint does not state facts sufficient to constitute a cause of action. (*Crowley v. Lewis*, 239 N. Y. 264.) In view of that decision, we have concluded that the presence of a seal prevents suit against a principal not named in a sealed instrument, whether such principal simply authorizes the execution of the instrument by his agent, or both authorizes the execution and accepts the benefits thereof or ratifies the execution and accepts the benefits of such instrument. The obligation of the principal for an agent's contract, ratified by such principal, logically cannot be greater than the obligation for an act of the agent authorized in advance. In simple contracts, the principal is held because the act of the agent is considered the act of the principal. Where the contract is a specialty, the act of the agent is no less the act of the principal, but the law declares that the form of the instrument prevents suit against the principal. The acceptance of the benefit of the instrument does not enlarge the promise made in the instrument. Whether the benefit is or is not accepted, the promise is the same.

There is no intimation in this complaint that fraud was practiced by defendants. That was the contention in the case of *Beardsley v. Duntley* (69 N. Y. 577). Moreover, the plaintiff therein was

the grantee named in a deed signed by the defendant. As such grantee, she sought reformation of the deed, so as to conform it to an oral contract. The other cases cited by respondent proceed upon a principle recognized by *Briggs* v. *Partridge* (64 N. Y. 357), viz, that a principal may be held to performance of the covenants of a contract under seal, but which is not required to be under seal, where on the face of the contract it appears that it has been made for the benefit of the principal and has in fact been made for his benefit although he has not signed the contract. In the contract in this case no mention is made of these defendants.

Present, CROPSEY, MacCRATE and LEWIS, JJ.