JOSEPHINE L. COWLES, Personally and as Executrix of the Last Will and Testament of FLOYD H. COWLES, Deceased, Plaintiff, *v.* ALFRED V. COLE and Another, Defendants.

Supreme Court, Broome County, July 10, 1930.

492

*John A. Smith*, for the plaintiff.

*Lee, Levene & Verreau*, for the defendants.

PERSONIUS, J. The plaintiff is the executrix and sole legatee under her husband's will and alleges that she agreed to sell a drug store business, belonging to her husband's estate, to the defendants, who agreed to buy the same, for $8,000; that the defendants failed and refused to perform the agreement and that she resold the same at a loss. This action is brought to recover such loss.

The defendants, admitting that there were negotiations, allege that such negotiations never ripened into a contract.

The jury rendered a verdict of $400 in favor of the plaintiff. The defendants move to set aside the verdict and for a new trial.

There was evidence from which the jury could have found that both defendants participated in taking an inventory; that the defendant Cole gave the plaintiff a check for $200 to bind the bargain; that they agreed with plaintiff upon a purchase price of $8,000 for the stock and fixtures, and that the defendants agreed to pay the balance in ten days, or to pay at least $5,000 in cash and secure the balance of $3,000; that the defendants took possession on Thursday, November 28, 1929, and continued in possession until the following Tuesday, sold goods at retail and kept the proceeds. There was also evidence that the defendant Cole signed a contract to change the telephone listing, and that the defendant Detrick stated that the defendants had bought the store and that he desired to move to Endicott (where the drug store was located), and that he interviewed realtors and looked at houses, and made other admissions of having purchased the business. Both defendants admitted keeping the proceeds of the sales during the time that they were in possession (from four to six days).

Finally the defendants concluded not to buy and left the store and the plaintiff resumed possession.

This, in substance, is the testimony most favorable to the plaintiff, which viewpoint we are to take upon this motion.

The defendants contend that the negotiations never ripened into a legal contract because neither the terms of payment of the $3,000 nor the nature and kind of security to be given were agreed upon.

The plaintiff testified in substance that the defendants agreed to pay $8,000 in cash in ten days, or $5,000 in cash and give " good security " or " full security " for the balance of $3,000. She also testified that there was no agreement as to when the $3,000 was to be paid (if it was not paid in cash with the $5,000).

We do not think the contract is rendered void by the failure to agree upon the terms of payment. That an indebtedness would bear interest is implied, and the law would require that the deferred payment should mature within a reasonable time. (*Roberge* v. *Winne*, 144 N. Y. 709, 714; *Lawlor* v. *Densmore, etc., Co.*, 63 Misc. 458; affd., 135 App. Div. 920; *Weintraub* v. *Kruse*, 234 N. Y. 575; *Wertheimer* v. *Boehm,* 241 id. 575.)

In the two cases last cited purchasers of real property made nominal down payments and in each instance agreed to make a further substantial cash payment and give mortgages for the balance of the purchase price. In the *Weintraub* case no date for closing was named and *no terms* were agreed upon as to the first mortgage. In the *Wertheimer* case *no maturity date* for the first mortgage was fixed, and only $50 was paid down on a $14,000 purchase price. In both cases the Court of Appeals affirmed the Appellate Division, which, in turn, had affirmed judgment in favor of the plaintiff for specific performance.

These were actions in equity, and it is recognized that a contract may be sufficiently certain to support an action at law for damages for its breach, though it may not be so certain as to entitle a party to a decree for specific performance. (New York Law of Contracts, 71, 72; *Hopedale Electric Co.* v. *Electric Storage Battery Co.*, 132 App. Div. 348; affd., 198 N. Y. 588; *Worthington* v. *Beeman*, 91 Fed. 232, 236.)

In the *Hopedale* case certain conditions of a test were left for future determination and the defendant urged that the contract was, therefore, incomplete and unenforcible. The court said (p. 356): " * * * for here the court is not asked to compel the defendant to specifically perform the contract, but it is called upon to award damages to the plaintiff for the defendant's failure to perform, and the defendant should not be heard to say that some of the conditions of the test had not been expressly agreed upon, when the plaintiff was willing to accept any conditions * * *

" The fact, however, that the terms of the contract, through the fault of the defendant, had not been agreed upon with sufficient definiteness and certainty to warrant specific performance thereof,

if it were a contract on which a decree for specific performance might be based, does not relieve the defendant from liability for damages in an action at law."

The defendants here should not be heard to say that the contract was too indefinite without having made any effort to perform. The plaintiff might have approved of such terms and security as the defendants offered. Had the defendants attempted to perform, they might be in a stronger position. The indefiniteness has no bearing on the question of damages.

It would seem to follow that if, as held by our Court of Appeals, a contract for the sale of real property which calls for a further cash payment and the execution of a mortgage, the terms of which are not stated, may be enforced in an equity action for specific performance, the contract in question is sufficiently definite, in that respect, to be enforcible in an action at law for damages. The law implies that the final payment should be deferred for a reasonable time under all the circumstances and should bear interest.

The failure to agree on the nature and kind of security to be given by the defendants for the deferred payment raises a closer question, but even as to this we think that the contract proven by the plaintiff was sufficiently definite to sustain this action for damages. It required the defendants to give the plaintiff and the plaintiff to accept reasonable security — such security as a reasonable person would expect to give and to receive under the circumstances. Similar provisions in contracts have been held sufficiently definite.

In *Armstrong* v. *Andrews* (109 Mich. 537) the contract called for payment by a " good and sufficient note." The trial court charged (p. 539): " That this term meant ˙ such a note as he could get his money on, which could be readily discounted at some one or more of the reputable banks of the city * * * a bank which was doing a general discount business.' "

The Supreme Court of Michigan sustained the charge.

In *Silver* v. *Graves* (210 Mass. 26) the defendant promised to pay a sum of money which would be " satisfactory " if the plaintiffs would withdraw a will contest. The court said (p. 29): " This means what ought to satisfy a reasonable person. * * * In determining what ought to be satisfactory to a rational person, all the circumstances of the controversy should be considered and each given due weight."

So here all the circumstances should be considered in arriving at both the maturity date and the quality of security to be given by the deferred payment.

In considering contracts requiring that work shall be " satis-

factory," the courts have held that the party to be satisfied could not be arbitrary or capricious, saying: " That which the law will say a contracting party ought in reason to be satisfied with, that, the law will say he is satisfied with." (*Duplex Safety Boiler Co.* v. *Garden,* 101 N. Y. 387, 390; *City of Brooklyn* v. *Brooklyn City R. R.,* 47 id. 475, 479.)

*Worthington* v. *Beeman* (*supra*) held that an agreement to renew a contract, if the plaintiff " succeeded in doing such a business as we may reasonably expect," was sufficiently definite.

The defendant relies particularly on *Foote* v. *Webb* (59 Barb. 38). This was an action in equity for specific performance of a contract to sell real estate " to be conveyed as soon as the party of the second part secures the payment of the same. * * * " This case held three propositions: (1) That no greater degree of certainty was necessary to warrant specific performance than to warrant a judgment for damages; (2) that the contract was void for uncertainty as to " terms of credit," and (3) for uncertainty as to the " kind [nature] of security."

The *Hopedale Case* (*supra*) disapproved the first proposition.

As to the second proposition, we have seen that the courts of this State, including the Court of Appeals, have ordered specific performance of a land contract which called for the giving of mortgages, the terms of which were not fixed, no maturity date being given. In *Lawlor* v. *Densmore* (*supra*) the court said at page 460: " Having made the part payment contemplated by the parties, the plaintiff became entitled to possession of the apartment upon her executing a mortgage for the balance of the purchase price; and, while the duration of that mortgage was not expressed by the agreement, equity may still enforce the convention of the parties, according to their apparent intention and fix a *reasonable* time within which the principal debt should mature."

Bear in mind that in the case at bar there was evidence that the defendants made a part payment and the plaintiff yielded and delivered possession of the property to the defendants, who took possession.

As to the third proposition laid down in the *Foote* case, the opinion seems inconsistent. It cites, without disapproval at least, *Guier* v. *Page* (4 Serg. & Rawle, 1), which held that " approved, endorsed paper " means in law " paper which ought to be approved." It also cites *Winslow* v. *Copeland* (3 Shepley, 276), which held that payment by " good notes " meant just what it said, namely, notes which were good.

If this be so, does not " good security " mean security which ought to be accepted, security which is reasonable?

The Court of Appeals having held contrary to the first and second propositions held by the *Foote* case, and the third proposition being at variance with the authorities hereinbefore referred to, construing similar provisions, we do not feel that it is authority for the proposition that this action at law cannot be maintained on this contract.

The plaintiff cites many other cases. Some state the general proposition that an agreement must be definite; others involve (1) a lease of premises to be altered as per " plans, etc., *to be mutually agreed* on;" (2) an employment on a percentage of distributable profits *to be* determined by a method of accounting to be agreed on when the employer's accounts " develop for a better understanding; " (3) payment " part cash and other terms *to be* agreed upon between the parties," or (4) " balance *to be* agreed on later," etc.

The defendants also cite *Ansorge* v. *Kane* (244 N. Y. 395). This contract also expressly provides that something was *to be* agreed upon in the future. Furthermore, the uncertainty could not be eliminated by determining what was reasonable. Payment of $1,000 might be as reasonable as a payment of $5,000, and *vice versa*. This case also was an action in equity for specific performance and not an action at law for damages, and Judge POUND impliedly admits that the law will imply a rate of interest and maturity date, citing with approval the authorities hereinbefore cited, and saying (p. 399): " The law implied nothing as to such terms as it does in cases where the rate of interest and date of maturity of a mortgage are not stated."

Absolute certainty in every deal is not required as a basis for an action at law. (*Spiritusfabriek Astra* v. *Sugar Products Co.*, 176 App. Div. 829; affd., 221 N. Y. 581.)

Motion denied. Prepare order accordingly.