MARGARET ADELAIDE KANE, Appellant, v. RICORO ESTATES, INC., and Others, Defendants; AARON B. SALANT, Respondent.— Order in so far as it denies plaintiff's motion for judgment on the pleadings against defendant Aaron B. Salant reversed on the law, with ten dollars costs and disbursements, and motion granted. The appeal from that part of the order which denies plaintiff's motion for summary judgment as against said defendant is dismissed, without costs. The court is of the opinion that the instrument under consideration is not a sealed instrument; but even if it were, the doctrine of undisclosed principal has no application to it. The respondent understood that the instrument might have been or would be assigned and that he would become liable to the person to whom the instrument had been or would be assigned; in fact, it was executed at a time when the instrument had been assigned. The respondent received benefits under the instrument, with knowledge that some person other than the title company had or might have an interest in the mortgage for which he received an extension by the record holder. There was liability to pay the amount of the mortgage either to the record holder or its assignee. A liability of such a nature may not be evaded or avoided on any such fanciful theory as is presented here. There was legal obligation and duty existing between all the parties. We have held that the complaint states a cause of action (243 App. Div. 711). We adhere to that view and to the further view that there is no defense. Lazansky, P. J., Carswell, Tompkins and Davis, JJ., concur; Johnston, J., dissents and votes to affirm, with the following memorandum: Plaintiff is not a party to the extension agreement, nor is she named in it. It was executed by defendant Salant and the Title Guarantee and Trust Company by its vice-president and by its assistant secretary, and it was acknowledged by the former and the corporate seal was affixed by proper authority. The effect of affixing the seal of a corporation to a contract is the same as when the seal is affixed to the contract by an individual; it renders the instrument a specialty. (*Clark* v. *Farmers' Manufacturing Co.*, 15 Wend. 256; *United States to use* v. *Mercantile Trust Co.*, 213 Penn. St. 411; 62 A. 1062.) It is well established that no person can sue or be sued to enforce the covenants of an agreement under seal except those who are named as parties to the instrument and who signed and sealed it. (*Briggs* v. *Partridge*, 64 N. Y. 357; *Spencer* v. *Huntington*, 100 App. Div. 463; affd., 183 N. Y. 506; *Henricus* v. *Englert*, 137 id. 488; *Crowley* v. *Lewis*, 239 id. 264.) The extension agreement was executed by the title company as the record holder of the bond and mortgage. It is true the agreement provides if the title company has assigned the

bond and mortgage it is understood and agreed that in executing the extension agreement the title company does so as the agent for the actual owner of the bond and mortgage. But this provision does not take the agreement out of the rule heretofore referred to. Plaintiff, not being named in the extension agreement, may not maintain this action under it. As was said in *Schaefer* v. *Henkel* (75 N. Y. :378-383): " The use of the word *agent* has but little significance of itself, and as the principals are not named, cannot be regarded as applying more to one person than to another. * * * The covenants are between the parties who are only named in the instrument and no other parties." Where the contract is a specialty, the act of the agent is no less the act of the principal, but the law declares that the form of the instrument prevents suit by or against the principal. (*Owners Holding Corporation* v. *Kissling*, 128 Misc. 14; affd., 219 App. Div. 739.) " The acceptance of the benefit of the instrument does not enlarge the promise made in the instrument. Whether the benefit is or is not accepted, the promise is the same." (*Owners Holding Corporation* v. *Kissling, supra.*)