LEON GINZ & another *vs.* MAX AXELROD.

Suffolk.    January 5, 1920. — February 28, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Contract*, Modification, Performance and breach.

After an acceptance of an order for the purchase of goods upon thirty days' credit, to be delivered in August and September, the purchaser wrote to the seller, "Send those goods on July 10th or as much of same as you can," to which the seller replied, "I shall do my utmost to have the goods shipped at that time." On July 22, in reply to a letter from the purchaser urging immediate delivery, the seller wrote that he had the goods ready for delivery but that he would not make delivery upon thirty days' credit but must be paid in advance of delivery. A judge who heard an action by the purchaser against the seller for damages resulting from breach of the contract as modified, found that the time of delivery had been changed by mutual agreement and found for the plaintiff. *Held,* that the findings were warranted.

CONTRACT, with a declaration as amended upon an order of the plaintiffs to the defendant on March 29, 1918, for velour to be sold on thirty days' credit and delivered, one half in the following August and one half in September, which order, after acceptance by the defendant, was alleged to have been modified by mutual agreement to provide for delivery on July 10, 1918. Writ in the Municipal Court of the City of Boston dated November 6, 1918.

The material evidence at the trial in the Municipal Court, findings of the judge and the only one of several questions of law there raised and relied on in this court, are described in the opinion. The judge found for the plaintiffs in the sum of $823.50, and at the defendant's request reported the case to the Appellate Division, who dismissed the report. The defendant appealed.

The case was submitted on briefs.

*H. A. Mintz,* for the defendant.

*H. A. Eyges,* for the plaintiffs.

JENNEY, J. It is conceded that on March 29, 1918, a contract was made whereby the defendant agreed to sell and the plaintiffs agreed to purchase on thirty days' credit certain pieces of velour, part of which was to be delivered in August and the remainder in September of that year. The sole controversy is whether the

time of delivery was subsequently modified by letter, the plaintiffs founding their right to maintain the action on the contention that the contract was so varied by the parties as to require delivery of all the cloth in July, and on the further contention that the defendant failed to make delivery as required by the modified contract. The defendant contends that the contract never was changed. He raises no question of variance between the declaration as amended and the evidence.

The material parts of the correspondence are as follows: May 14, 1918, (plaintiffs to defendant) "I want to change the shipping instructions on order ⌗593 of March 29th. Send those goods on July 10th or as much of same as you can." May 17, 1918, (defendant to plaintiffs) "I have received your letter of the 14th inst. and have made note to send your goods on date requested. I shall do my utmost to have the goods shipped at that time." July 18, 1918, (plaintiffs to defendant) "We wrote you some time ago to ship the goods which we ordered from you on March 20th, on July 10th. As we have received no invoice from you up to this writing we will ask you to kindly give this matter your attention and ship our goods to us at once and oblige." July 22, 1918, (defendant to plaintiffs) "With reference to your order for velour coatings, want to advise that I have these goods ready for delivery, and if you will send me a check to cover this invoice, will make shipment immediately. . . . Your copy of order, on these goods, reads Net 30 Days, but am not in a position to give these terms at present, you may, therefore, deduct the interest for the unexpired time at the rate of 6% per annum. Shall expect to hear from you at once." July 23, 1918, (plaintiffs to defendant) "Your letter of the 22nd inst., is totally at variance with the terms of your acceptance of our order which is Net 30 days and not cash either before or on delivery. You admit in your letter that you have the goods which we bought from you on hand and ready for delivery and in view of this admission we are entitled to the delivery of this goods without further delay or conditions pursuant to the terms of the order and we hereby call upon you to make such delivery. This is the final position we take under our contract with you for the protection of our rights. Please ship goods by express and send us invoice by return mail. In as much as you have the goods now on hand you are in a position

to ship same to us immediately. Unless you ship these goods to us on or before the 27th inst. we will purchase identical or similar goods in the open market and hold you liable for the difference between the price paid and the contract." July 25, 1918, (defendant to plaintiffs) "Your letter of the 23rd received. I have nothing further to add than already advised in my recent letter. I do not care at this time to extend any credit to your concern for reasons which I do not care at this time to state. If I do not hear from you very shortly, shall assume that you do not wish to have this goods, and will be obliged to dispose of them." August 6, 1918, (defendant to one of the plaintiffs) "Have not as yet received your check for goods that I am holding for you. If I do not hear from you by Saturday, August 10th, will take it for granted that you do not care to have these goods and will dispose of them elsewhere."

The defendant does not dispute the elementary proposition that the contract could be modified by mutual agreement, but urges that no finding of such change was justified by the evidence, because the minds of the parties never met as to the proposed variation in the time of delivery.

The trial judge found that the time of delivery had been changed by mutual agreement. In effect the defendant conceded by his letters that the modification was in existence, that he was ready and willing to ship the goods, that he refused to do so only because the plaintiffs were unwilling to pay therefor before delivery, and that said refusal was solely because he was, using his own language, "not in a position to give [the plaintiffs] these terms [thirty days' credit] at present" and did not wish to give any credit for reasons he did not "care . . . to state." The plaintiffs rightfully refused to pay for the goods before delivery, and they never were delivered. This action was brought November 6, 1918, to recover damages sustained by the failure of the defendant to perform the contract as modified, and the judge of the Municipal Court of the City of Boston before whom the case was tried found for the plaintiffs, and the Appellate Division of the court upheld his finding and dismissed the report. The finding was justified by the evidence. *Bristol Manuf. Corp.* v. *Arkwright Mills,* 213 Mass. 172. *Gouzoulas* v. *F. W. Stock & Sons,* 223 Mass. 537.

While there were numerous requests for rulings, none have

been argued except those involving the question here considered, and all others are treated as waived. The order dismissing the report must be affirmed.

*So ordered.*