PATRICK E. GALLAGHER and FREDERICK J. LALONE,
Respondents, *v.* CHARLES DULLEA, Appellant.

Third Department, December 28, 1921.

**Principal and agent — commissions — contract for commissions to be paid on sale of farm — agent not entitled to commissions till parties agreed on all essential details of sale.**

Commissions on the sale of real estate are not earned until the minds of the buyer and the seller meet, not only in respect to the price, but also in respect to the terms of the sale and all the incidents of the transaction which must be worked out and understood between them.

Accordingly, a real estate agent is not entitled to commissions under a contract with the owner of a farm which provides merely as to the terms on which the farm is to be sold that the " Best terms $4000 down balance 6%. Lowest cash price $80 per acre," and that no commissions shall be due unless a sale is made through the agent, where it appears that while the agent produced a prospective purchaser who was willing to pay the stipulated price per acre and the cash payment down, the parties did not agree as to the other essential terms of the transfer and the farm was not sold.

APPEAL by the defendant, Charles Dullea, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of St. Lawrence on the 24th day of January, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 29th day of January, 1921, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*William H. McCormick*, for the appellant.

*George W. Fuller*, for the respondents.

COCHRANE, J.:

On March 15, 1920, the defendant entered into a written contract with the plaintiffs whereby they were to undertake the sale of the defendant's farm. The contract, known as the listing contract, mentioned the farm as containing 150 acres. The defendant agreed to give possession March 1, 1921, nearly one year after the contract was made. The terms on which the farm was to be sold were, so far as stated, as follows: " Best terms $4000 down balance at 6%. Lowest cash price $80 per acre." The contract concludes as follows:

" I, the undersigned, agree to list this farm for a period of six months. In listing this property it is especially understood and agreed that I may withdraw same at any time and that I will owe no commissions unless sale is made through the above named broker or his agents." The contract is silent as to the amount of the commissions but the parties agree that it was to be five per cent of the sales price. On June 10, 1920, the defendant gave plaintiffs written notice that he withdrew the sale of the farm. Plaintiffs contend that at that time they had procured a purchaser able and willing to purchase the farm for $12,000 and have recovered a judgment against the defendant for commissions at five per cent on that amount. The defendant did not sell his farm. The jury has found that the plaintiffs did procure a purchaser who was willing and able to purchase the farm for $12,000, paying $4,000 down and securing the balance of the purchase price by a mortgage on the farm.

It may be that under the provisions of the listing contract above quoted the defendant was at liberty to change his mind and refuse to sell his farm without liability to the plaintiffs for their commissions even after they had procured a purchaser. The contract seems to contemplate commissions only in case " sale is made " and it is provided that the defendant may withdraw from the contract " at any time." We need not, however, determine this question because for reasons hereafter stated this judgment cannot be sustained.

It has been held that commissions on the sale of real estate are not earned until the minds of the buyer and seller meet, not only in respect to the price, but also in respect to the terms of the sale and all the incidents of the transaction which must be worked out and understood between them. (*Strout Farm Agency, Inc.,* v. *DeForest,* 192 App. Div. 790; *Haase* v. *Schneider,* 112 id. 336; *Arnold* v. *Schmeidler,* 144 id. 420, 427; *Peace* v. *Ross,* 123 id. 611; *Backer* v. *Ratkowsky,* 137 id. 559.) In *Haase* v. *Schneider* (*supra*) commissions were refused merely because the parties had not agreed on the time when the transaction was to be closed, the seller insisting on eleven days and the purchaser on thirty. Applying the principle of those cases to the present case it seems quite clear that the plaintiffs have failed to establish a cause of action.

Clearly the listing contract did not specify all the terms between the seller and a prospective purchaser. Possession of the farm was not to be given until March, 1921, which would be at least six months after the termination of the listing contract. Taxes in the meantime would be assessed and become payable but no provision was made for their payment. No agreement was made as to the time of the execution and delivery of the deed. Four thousand dollars was to be paid " down," but when, with reference to the delivery of the possession of the farm, was left as a matter of subsequent negotiation. The nature of the security for the unpaid purchase price and the terms and conditions of such security were not specified. Even the purchase price was indefinite. It was stated to be " $80 per acre " and the number of acres was stated as 150, but it appears indisputably from the evidence that a survey of the farm was to be made and that the purchase price was to be $80 per acre for the exact number of acres indicated by the survey. Under the authorities cited no commissions were due the plaintiffs until these details were worked out between the defendant and the prospective purchaser and their minds had met in an arrangement complete in respect to such details. It cannot be claimed that there was such meeting of minds. That there was not is clearly illustrated by a contract of sale signed by the prospective purchaser on June 10, 1920, the day on which the defendant rescinded his contract with the plaintiffs, and which the defendant refused to sign. This proposed contract recites that $4,000 " shall be paid on receipt of deed," and that the deed shall be executed and delivered " on or before March 1, 1921." It further provides that the balance of the purchase price, $8,000, shall be secured by bond and mortgage although the balance could not be determined until a survey of the farm had been made and the exact acreage determined. None of the terms of the mortgage were specified except the rate of interest. The proposed contract further provided for an abstract of title by the defendant " going back at least twenty-five years," although the defendant had not agreed to furnish such abstract.

The contract of the defendant with the plaintiffs specifically provided that the defendant might cancel the contract at any

time and should not be liable for commissions unless a sale of the farm was made through the plaintiffs. Acting under this provision, the defendant on June 10, 1920, terminated the contract. No sale of the farm has at any time been made through the plaintiffs or otherwise. When the contract of the plaintiffs was rescinded they had merely procured a prospective purchaser who was willing and able to pay $4,000 on account of the purchase price and secure the balance of the purchase price by some kind of a mortgage. The plaintiffs were not, however, entitled to their commissions until the defendant had agreed with such purchaser on all the essential details of the transaction. This has never occurred and the defendant was, therefore, within his rights in rescinding the contract, as by its terms he was permitted to do.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

JOHN M. KELLOGG, P. J., WOODWARD, H. T. KELLOGG and VAN KIRK, JJ., concur.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.