Abraham P. Lubell & others *vs.* Israel Rome & another.

Worcester. September 26, 1922. — October 17, 1922.

Present: Rugg, C.J., Braley, Crosby, Pierce, & Carroll, JJ.

*Contract,* What constitutes, Performance and breach.

A prospective buyer of stockings in a letter to a seller quoted from a telegram received from the seller, reading, "Delivery three weeks one thousand black two thousand white eighteen inch fibres six dollars" and stated, "We would be interested in taking 1000 dozen black, and 700 dozen white, . . . if you wish to make the price $5.85." The sizes were specified and the letter continued: "If this price is satisfactory, kindly send confirmation, and your best terms." The seller wrote in reply accepting the "offer of $5.85" and specified the terms as "one per cent, ten days." The shipment was made and, ten days later, the buyer wrote to the seller, acknowledging receipt of the merchandise, notifying them that the eighteen inch fibre hosiery was not as ordered, but was sixteen inch fibre, and saying that his order specifically stated that the goods were to be "18 inch"; and asked, "If it was impossible to fill the order as requested, why did you accept same?" The seven hundred dozen white fibre silk hosiery were delivered and accepted by the buyer. "Eighteen inch"

referred to the length of the stocking. In an action by the buyer against the seller for damages resulting from non-delivery, it was *held,* that

(1) Irrespective of whether there was a contract previous to the buyer's letter following the receipt of the shipment, that letter assented to the terms proposed by the seller and showed a meeting of minds, and a contract then was made;

(2) The construction of the correspondence was a question of law for the court.

At the trial of the action above described, there was evidence tending to show that the time for performance by the seller had been extended and that it was not until over seven months after the contract date for shipment that the buyer refused to consent to a further extension of time for delivery and elected to treat the contract as broken. The judge ruled, subject to exceptions by the seller, in regard to the market price which should be the basis of awarding of damages, that it was a question of fact for the jury on the evidence to decide whether the time for the delivery of the goods had been extended, and if so, to what date, and that the market price on such extended date would be the market price that would control any award of damages. *Held,* that there was no error in the rulings of the judge.

CONTRACT for damages alleged to have resulted from failure of the defendant to deliver to the plaintiff one thousand dozen ladies' black fibre silk hosiery. Writ dated April 6, 1920.

In the Superior Court, the action was heard before *Burns,* J. Material evidence is described in the opinion. The defendant asked for the following rulings:

"1. That upon all the evidence the defendants are entitled to a verdict in their favor.

"2. In measuring damages the market price to be considered is the market price of July 7, 1919, and no other."

The judge instructed the jury that on the evidence there was a contract as a matter of law, and submitted the case to the jury on the question of whether there was a breach and what the damages were.

In regard to the market price which would be the basis of awarding damages, the judge ruled that it was a question of fact for the jury on the evidence to decide whether the time for the delivery of the goods had been extended, and if so, to what date, and the court further ruled that the market price on such extended date would be the market price that would control any award of damages.

There was a verdict for the plaintiff in the sum of $991.10; and the defendants alleged exceptions.

*D. Goldstein,* (*J. Asher* with him,) for the defendants.

*L. Stockwell,* for the plaintiffs.

CARROLL, J.   In this action the plaintiff recovered a verdict against the defendants because of their failure to deliver one thousand dozen ladies' black, fibre silk hosiery.  The case is in this court on the defendants' exceptions.

The plaintiffs, in their letter of June 12, 1919, to the defendants, quoted from the defendants' telegram, "Delivery three weeks one thousand black two thousand white eighteen inch fibres six dollars" and stated, "We would be interested in taking 1000 dozen black, and 700 dozen white, . . . if you wish to make the price $5.85."   The sizes were specified and the letter continued: "If this price is satisfactory, kindly send confirmation, and your best terms."   It was agreed that the words "eighteen inch fibres" when applied to hosiery meant eighteen inches from the top of the hose to the bottom of the heel.   On June 16, 1919, the defendants wrote the plaintiffs accepting the "offer of $5.85" and specified the terms as one per cent, ten days.   It was agreed that one per cent ten days meant one per cent discount if paid within ten days.   The hosiery was sent to the plaintiffs, and on June 27, 1919, the plaintiffs again wrote the defendants, acknowledging receipt of the merchandise, notifying them that the eighteen inch fibre hosiery was not as ordered, but was sixteen inch fibre, and saying that their order specifically stated that the goods were to be "18 inch;" and asked, "If it was impossible to fill the order as requested, why did you accept same?"   The seven hundred dozen white fibre silk hosiery were delivered and accepted by the plaintiffs.

The judge instructed the jury that on the evidence there was a contract as matter of law.   To this ruling the defendants excepted. Even if it be assumed, without deciding that the plaintiffs' letter of June 12 and the defendants' reply of June 16, taken together, did not constitute a contract because the defendants' terms (one per cent ten days) were not agreed to by the plaintiffs and they were at liberty to reject the terms offered, the undisputed evidence showed that these terms were in fact assented to by the plaintiffs. In the letter of June 27 the plaintiffs acknowledge the receipt of the goods.   They offered no objection to the defendants' terms of payment.   Their only complaint was that the goods were not

eighteen inch, as ordered. They specifically referred to their letter of June 12, and spoke of it as an order, and asked the defendants, "If it was impossible to fill the order as requested, why did you accept same?" Even if the parties were not bound by the letters of June 12 and June 16, the terms asked for and stated by the defendants were agreed to, as shown by the subsequent letter. The minds of the parties met. The plaintiffs' offer was confirmed and the terms given were agreed to. The construction of the correspondence was a question of law for the court, and there was no error in ruling that as matter of law there was a contract between the parties.

It was agreed that July 7, 1919, would have been the date of delivery as called for in the letters of June 12 and June 16. But there was evidence that the time for performance had been extended. Both the plaintiffs and the defendants considered the contract still subsisting, as shown by their correspondence, and the jury could find that it was not until February 27, 1920, that the plaintiffs refused consent to a further extension of time for delivery, and elected to treat the contract as broken. There was no error in the ruling made by the judge, that the question, whether the time for delivery had been extended, was a question of fact for the jury to decide. *Ginz* v. *Axelrod*, 235 Mass. 143. *Thomas* v. *Barnes*, 156 Mass. 581, 584.

*Exceptions overruled.*