M. MORTON ANSORGE, Respondent, *v.* CORRINE P. KANE, Appellant.

Appeal — vendor and purchaser — contract — specific performance — Court of Appeals may consider merits of appeal though they were involved in decision overruling demurrer not noticed for review — memorandum of purchase and sale of real property stating sum to be paid on signing of contract to be agreed on — failure to agree on amount — contract incomplete and may not be specifically enforced.

1. The Court of Appeals is not precluded from considering the merits of an appeal because they are involved in a decision of the courts below overruling a demurrer to the complaint and the order entered thereon is not mentioned in the notice of appeal as being brought up for review. The demurrer forms no part of the record and defendant may raise any objection to the maintenance of the action that he does not waive by answering. No distinction in principle exists between the practice on demurrer and the present practice when demurrers are abolished and the same objection is taken by motion. (*McCargo* v. *Jergens*, 206 N. Y. 363, 370, followed.)

2. A memorandum of purchase and sale of real property which describes the property, acknowledges the receipt of a sum stated as binder thereon, provides as to the price, the amount to be paid in cash and the amount to remain on mortgage, the date of signing the contract, the date of passing title two months later, and then provides that the sum to be paid on signing of contract is to be agreed upon,

cannot be specifically enforced where the parties never agreed on the sum to be paid. The amount to be paid on the signing of the contract was an important element of the complete contract. It was left open. The law implies nothing as to such terms. The contract was never completed and the transaction was destitute of legal effect.

    *Ansorge* v. *Kane*, 216 App. Div. 841, reversed.

(Argued January 19, 1927; decided February 23, 1927.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 28, 1926, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

*I. Maurice Wormser, Warren I. Lee* and *J. Harlin O'Connell* for appellant. A memorandum is not sufficient to satisfy the Statute of Frauds, wherein it is stated that the amount of cash which is to be paid on the signing of the contract is left open for future negotiation between the parties. (*St. Regis Paper Co.* v. *Hubbs & Hastings P. Co.*, 235 N. Y. 30; *Varney* v. *Ditmars*, 217 N. Y. 223; *United Press* v. *N. Y. Press Co.*, 164 N. Y. 406; *Mandel* v. *Guardian Holding Co., Inc.*, 200 App. Div. 767; 234 N. Y. 564; *Petze* v. *Morse Dry Dock & Repair Co.*, 125 App. Div. 267; 195 N. Y. 584; *Muller* v. *Idler*, 126 App. Div. 366; *Hawksworth* v. *Durant*, 93 Misc. Rep. 149; *Lipschitz* v. *Grace Co.*, 104 Misc. Rep. 55; 188 App. Div. 912; *Spielvogel* v. *Veit*, 197 App. Div. 804; *Eisenberg* v. *Spochira*, 190 N. Y. 662.)

*H. H. Nordlinger, Myron Sulzberger* and *Isidor Enselman* for respondent. A complete written agreement was reached between the parties. (Williston on Contracts, § 48; Clark New York Law of Contracts, § 67; *Newburger* v. *American Surety Co.*, 242 N. Y. 141; *Wertheimer* v. *Boehm*, 241 N. Y. 575; *Weintraub* v. *Kruse*, 234 N. Y. 575; *Marks* v. *Cowdin*, 226 N. Y. 138; *Sanders* v. *Pottlitzler Bros.*, 144 N. Y. 209; *Roberge* v. *Winne*, 144 N. Y. 709; *Spiritusfabriek Astra* v. *Sugar Products Co.*, 176 App. Div. 829; 221 N. Y. 581; *Roskam-Scott Co.* v.

*Thomas,* 175 App. Div. 84; *Pelletreau* v. *Brennan,* 113 App. Div. 806; *Bayles* v. *Strong,* 104 App. Div. 153; *Single Paper Co.* v. *Hammermill Paper Co.,* 96 App. Div. 535; *McIntosh* v. *Miner,* 53 App. Div. 240; *Standard Fashion Co.* v. *Ostrom,* 16 App. Div. 220.)

POUND, J. At the threshold we are met with the assertion of the respondent that we may not consider the merits of this appeal because they are involved in a decision of the courts below denying defendant's motion for judgment on the pleadings on the ground that the complaint does not state facts sufficient to constitute a cause of action, and that the order entered thereon is not mentioned in the notice of appeal as being brought up for review. Suffice it to quote from *McCargo* v. *Jergens* (206 N. Y. 363, 370), where CHASE, J., says for the court:

" The fact that a defendant demurs to a complaint upon the ground that it does not state facts sufficient to constitute a cause of action does not, where such demurrer is withdrawn and leave to answer is given, preclude the defendant from setting up any facts which he might originally have set up by way of answer. * * * The demurrer in such a case forms no part of the record and the defendant may raise any objection to the maintenance of the action, that he does not waive, by answering. The question whether the facts stated in the pleadings sustain the recovery is before this court for consideration." We see no distinction in principle between the practice on demurrer and the present practice when demurrers are abolished (Civ. Prac. Act, § 277), and the same objection is taken by motion. The cases cited by the respondent have to do with other shifts of the kaleidoscope and are inapplicable.

The main point is simply stated. Defendant owned real property in Flushing, New York. Plaintiff desired to purchase it. Through her agent the parties came together March 25, 1925, and made a memorandum of purchase and sale which describes the property and acknowl-

edges the receipt of $500 as binder thereon and then provides:

" The price is $32,625; payable $12,625 cash; balance of $20,000 to remain on 1st mortgage for five years. *The sum to be paid on signing of contract on March 26th, 1925, to be agreed on.* The balance of cash payment on passing of title on May 26th, 1925." ·

The parties never agreed on the sum to be paid on signing the contract. When the owner refused to sign a contract or execute a deed the court below ordered specific performance at the suit of the purchaser. That the parties had not agreed was held immaterial. It was said that the agreement in substance was that the balance of the cash payment would be payable when title passed unless the parties in the interim agreed otherwise. *(Swedish-Am. Nat. Bank v. Merz,* 179 N. Y. Supp. 600.)

Appellant contends that the scheme or plan of the parties was left incomplete by the failure to name the sum to be paid when the contract was signed; and that until the sum was named the contract was unenforcible. (*Wright v. Weeks,* 25 N. Y. 153, 155.) The memorandum states the price to be paid but it does not state all the terms of payment. The peculiar rules of the Statute of Frauds merely require that to be put in writing which may be left to parol in other cases. The fundamental question here presented is whether there was any contract; any actual meeting of minds on all the material elements of the agreement.

If a material element of a contemplated contract is left for future negotiations, there is no contract enforcible under the Statute of Frauds or otherwise. The price is a material element of any contract of sale and an agreement to agree thereon in the future is too indefinite to be enforcible. (*St. Regis Paper Co. v. Hubbs & Hastings Paper Co.,* 235 N. Y. 30, 36.)

The terms of payment may be no less material. Is this memorandum in effect an agreement to convey the property described if the parties can agree upon the

amount to be paid on the signing of the contract but for no sale if they do not agree? Or is the agreement on the sum to be paid on signing the contract a minor and non-essential detail of the transaction? That is the question before us. (*Spiritusfabriek Astra* v. *Sugar Products Co.*, 176 App. Div. 829, 831; 221 N. Y. 581.) The ·memorandum was on its face a mere binder. The formal contract was to be prepared and executed on the next day. As a part of the agreement was left to future negotiations, the contract was embryonic. It never reached full time. It was not for nothing that the parties provided that a sum should be agreed on to be paid on the signing of the contract; nor was it a minor matter for the owner whether nothing should be paid when the contract was signed and she should wait two months for her money, or whether she should receive a substantial sum, the stronger to bind the agreement, on which she also might receive interest, or even a greater increment, if she had her hands on it. In this connection we observe that the broker demanded that his full commission of ten per cent be paid on the signing of the contract which further suggests that the down payment had more than theoretical importance to the vendor.

The parties had decided to purchase and sell. They had agreed on the purchase price. They had not agreed on the terms of payment. The law implies nothing as to such terms as it does in cases where the rate of interest and date of maturity of a mortgage are not stated (*Roberge* v. *Winne*, 144 N. Y. 709, 713; *Weintraub* v. *Kruse*, 234 N. Y. 575; *Wertheimer* v. *Boehm*, 241 N. Y. 575) or where it appears that an agreement is to take effect and be acted upon before the details reserved for future agreement, such as time of delivery, are settled, when an implication may arise that, in the event of a failure to agree, the terms shall be such as are reasonable or customary. (*Spiritusfabriek Astra* v. *Sugar Products Co., supra.*) The amount to be paid on the signing of the

contract was an important element of the complete contract. It was left open. The contract was never completed. The transaction was destitute of legal effect. Specific performance is, therefore, impossible. If the contract had been partly performed by the act of the purchaser in taking possession and making improvements, as in *Morris* v. *Ballard* (16 Fed. Rep. [2d] 175) and *Roberge* v. *Winne* (*supra*), equity might grant relief but that question is not presented. The parties have nothing to stand on but their legal rights.

The judgment of the Appellate Division and that of the Special Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur.

Judgment accordingly.