SHUR-ON STANDARD OPTICAL COMPANY, INC., Respondent, v. VIOPAKE COMPANY, INC., Appellant.

Fourth Department, June 28, 1927.

Sales — validity of contract — action by buyer to recover damages for breach by seller of alleged repurchase agreement — defendant terminated contract under clause therefor — complaint alleges that on termination defendant would repurchase all goods at stipulated price " against delivery, part cash and other terms to be agreed upon between the parties "— said agreement too indefinite to enforce.

The parties hereto entered into a contract for the purchase of personal property by the plaintiff from the defendant. The contract provided that the defendant might terminate it under certain conditions and that if it did do so it would repurchase all material in plaintiff's possession and pay for the same at a stipulated price " against delivery, part cash and other terms to be agreed upon between the parties." The complaint alleges these facts and that the defendant terminated the contract but refused to repurchase the property in defendant's possession. The complaint is insufficient since the repurchase clause in the contract is too indefinite to be enforced, for there is no specification of the amount of cash that the defendant would have to pay, nor is there any definition of the terms of credit upon which the defendant could repurchase the property in the possession of the plaintiff.

APPEAL by the defendant, Viopake Company, Inc., from an order of the Supreme Court, made at the Cayuga Special Term and entered in the office of the clerk of the county of Ontario on the 1st day of March, 1927, denying defendant's motion for judgment dismissing plaintiff's complaint.

*Gannon, Spencer, Michell & Reiley* [*Charles E. Spencer* of counsel], for the appellant.

*Lansing G. Hoskins,* for the respondent.

TAYLOR, J. Plaintiff's complaint states that on July 31, 1925, plaintiff and defendant entered into a written contract for the purchase of personal property by plaintiff from defendant; that it was covenanted in that contract that defendant might terminate and rescind the contract under certain conditions. It was further provided that such rescinding should not relieve defendant from all liabilities and obligations existing at the date of rescission, but that the defendant should purchase back from the plaintiff all raw materials, etc., in possession of plaintiff at such time, and pay for them a stipulated price " against delivery, part cash and other terms to be agreed upon between the parties." The complaint further alleges that the defendant exercised its option to rescind under the contract of May 27, 1926, and did rescind upon written notice; that plaintiff afterwards set apart for delivery to defendant

262   SHUR-ON STANDARD OPTICAL CO., INC., *v.* VIOPAKE CO., INC.

Fourth Department, June, 1927.                    [Vol. 221]

all stock then on hand, delivered to the defendant an inventory of all such stock, appropriated it to the contract, offered to deliver it to the defendant, and was ready and willing so to deliver; that plaintiff duly performed all conditions of the contract, but that defendant neglected and refused to inspect the stock or to give any shipping orders or to accept it or any part of it, or to pay for it.

Defendant moved for judgment on the pleadings on the ground that the complaint did not state a cause of action, and that it was void under the Statute of Frauds. The motion was denied and defendant has appealed.

It will be observed that this was either two contracts, one for the purchase and sale of personal property, and another permitting defendant to rescind and requiring it to repurchase goods on hand; or it was a single contract, containing a separate covenant to repurchase and pay. It makes little difference whether or not the Statute of Frauds be considered. The question really in controversy is whether the contract is indefinite and unenforcible because essential terms are missing. And the claimed omission is a failure to specify (1) amount of cash, and (2) extent and terms of credit under the clause " pay for them against delivery, part cash and other terms to be agreed upon between the parties."

This contract has been partially performed and has been rescinded according to its terms. Under it the respondent has in its possession certain goods ready for delivery to appellant when paid for. The contract provides that appellant shall " purchase back  *  *  * all raw material," etc., in possession of respondent, at an agreed price. It is alleged that appellant has refused to accept delivery of the stock on hand or to pay for it at all, and the respondent has demanded damages for such breach of contract.

We are unable to distinguish this case in principle from *Ansorge* v. *Kane* (244 N. Y. 395). Both cases were decided upon the pleadings. The *Ansorge* case differs in immaterial respects from ours. There, while the real estate involved was sold for a stated price, the sum to be paid down on signing the contract was, according to its terms, " to be agreed on." It was an executory contract, a contract held to have had no legal inception. In our case the contract, if it be held a single one, was partially performed. But the provision for purchasing back goods sold, delivered and on hand was separable from the rest of the contract, and was indefinite, as it seems, in the same way as was the contract in the *Ansorge* case. While our defendant agreed' to buy the goods back at a stated price, the terms of payment were indefinite. Defendant could not be compelled to agree upon what amount it should pay in cash and what amount should be arranged for otherwise. It had

the right, under the express terms of the contract (which we cannot make over, *Sun P. & P. Assn.* v. *Remington P. & P. Co.*, 235 N. Y. 338), not to take back the goods and pay for them unless terms of payment were agreed upon by the parties. It cannot be compelled to make such terms. On principle its rights under this phase of the contract are the same as were those of the defendant in the *Ansorge* case.

We are passing upon the sufficiency of the complaint. It being based upon a contract so indefinite in the respect mentioned as to be unenforcible, plaintiff can obtain no relief.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.