Nash, J.
This is an action of contract on an account annexed by which the plaintiff seeks to recover $243.89 for plumbing and heating materials furnished the defendant. The answer is a general denial and declaration in set off. The claim in set off was adjusted and it is agreed the amount in issue is $220.00. The trial judge found for the defendant, allowed ten of twelve requests for rulings filed by the defendant, by four of which the plaintiff alleges he is aggrieved, and found the following facts:
The defendant, a plumbing contractor, on September 26, 1941, telephoned the plaintiff wholesaler for prices on certain materials which the defendant wished in order to figure on a “Conti job.” On September 27, 1941, the plaintiff sent to the defendant in writing a list of these materials with a single price for all in the amount of $625.00. On the *287 same paper were the words “Price subject to change without notice. Delivery subject to our ability to obtain material from manufacturers.” Between September 26th and October 8th the plaintiff and defendant had no communication with each other. On October 8, 1941, the defendant, having taken the “Conti job,” by telephone ordered the materials and requested shipments of certain of the goods which the plaintiff sent without communicating any notice to the defendant of a change of price. It is agreed that all the materials were delivered as the job progressed and were accompanied with separate prices on each item sent to the defendant on each delivery. The total of such bills were $845.00 which sum the defendant had no knowledge of until after all the goods had been received. The trial judge found a contract was made between the plaintiff and the defendant on October 8, 1941 for the delivery of these materials for the sum of $625.00.
The four requests for rulings asked by the defendant and allowed by the trial judge which aggrieve the plaintiff are numbered 1, 9, 10, and 11 and are as follows:
“1. If the Court finds that the defendant asked the plaintiff for a quotation on the materials to be used on the Conti job; that the plaintiff gave the defendant a quotation of $625.00; that the quotation was not withdrawn ; that the defendant ordered the plaintiff to supply the goods under the quotation, the Court must find that a contract was made between the plaintiff and the defendant for the purchase and sale of the materials for $625.00. 9. The right of the plaintiff to take advantage of the words 'Price subject to change without notice,’ as they appear on the quotation was absolute until the defendant placed his order and it was accepted without change being made; thereafter, the said provision was of no effect. 10. The right of the plaintiff to a price 'change without notice’ did not exist after the defendant placed his order, based on the written quotation, and it was accepted. 11. If the Court finds *288 that the order for the merchandise on the Conti contract was given by the defendant on October 8, 1941 and that .the only quotation or price given by the plaintiff to the defendant, to that date, was $625.00, then the Court must find that $625.00 was the contract figure and that the plaintiff is bound thereby.”
The real question at issue is whether a contract was entered into between the parties. The negotiations leading up to the consumption of the transaction were by telephone and a letter of September 27, 1941 which sets forth the basis of the controversy. These facts were undisputed or as treated most: favorably to the defendant are set forth in the findings of the trial judge. The question as to whether a contract was made where the (material negotiations were in writing and uncontroverted and no ambiguity appears is a question of law and not of fact — Ellis v. Block, 187 Mass. 408, 411, 412, Goldstein v. D’ Arcy, 201 Mass. 312, 317, Kehlor Flour Mills Co. v. Linden, 230 Mass. 119, 122, Lubell v. Rome, 243 Mass. 13, 16, Ryder & Brown Co. v. E. Lissberges Co., 300 Mass. 438, 450, and the construction of the letter of September 27, 1941 offered as proof of the contract is likewise a question of law for the Court — Smith v. Faulkner, 12 Gray 251, 254, 255, Atwood v. Boston, 310, 70, 75.
In the present case the negotiations commenced with an inquiry on the part of the defendant as to the price of certain described materials. The plaintiff’s answer in writing on the following day stated a price but also gave notice to the defendant that the price was subject to change without notice and that delivery was subject to the plaintiff’s ability to obtain material from the manufacturer. About ten days elapsed and without making any inquiry as to change of price as he had been forewarned by the letter of September 27th might occur the defendant ordered the *289 goods. The plaintiff then sent the materials to the defendant but as each article was sent the price of that item accompanied it. The total price of all these items was $845.00 instead of the sum of $625.00 mentioned in the letter of September 27, as subject to change without notice. By appropriate request the defendant asked and the court found that the contract arose upon his request for delivery of the goods from the plaintiff. We do not share this view. The defendant’s order was an offer of purchase but could not ripen into a contract until the plaintiff accepted it either by words or conduct and a price was agreed upon. These steps were all initiatory to the possible formation of a contract. An agreement to be binding must be sufficiently definite to enable the court to fix the liability of the parties and indefiniteness may relate to the price to be paid Corthell v. Summit Thread Co., 132 Maine 94 and there can be no enforceable contract if the price to be paid is uncertain. Gaines v. Tobacco Co., 163 Ky. 716. If a material element of a contemplated contract is left for future negotiations there is no enforceable contract, and the price is a material element in any contract of sale.
Ansorge v. Kane, 244 N. Y. 395; 155 N. E. 683, 634, 685, St. Regis Paper Co. v. Hubbs & Hastings Paper Co., 235 N. Y. 30, 36; 138 N. E. 495.
The parties have not agreed upon a definite price or upon any price that may be ascertained from the negotiations themselves.
A contract has not been completed. There has been no meeting of the minds. Smith v. Goudy, 8 Allen 566, 567. Montgomery Ward & Co. v. Johnson 209 Mass. 89, 91. De Vito v. Boehine and Rauch Co. 239 Mass. 290, 294, 295.
Dealing directly with the rulings complained of 1, 9, 10, & 11, it appears generally that the telephone conversation of September 26 and the letter of September 27 were con *290 sidered by the trial judge as being an offer to sell which was accepted and formed a contract when the defendant asked for delivery of the goods on October 8.
An invitation to enter into negotiations is not an offer and the trial judge was in error as a matter of law in construing the written and oral evidence as a quoted offer to sell binding upon the plaintiff.
The judge was in error in allowing the rulings for they are based substantially on the finding of the existence of a contract which as a matter of law on the facts found the trial judge should have concluded, did not exist. Wrobel v. General Accident Fire & Life Assurance Corporation Lt. 288 Mass., 206 @ 209; Adamaitis v. Metropolitan Life Insurance Co. 295 Mass. 215, 219, Memishian v. Phipps, 311 Mass. 521, 522, 523.
As there was prejudicial error in allowing requests numbered 1, 9, 10 & 11, the finding for the defendant is to be vacated, and the case is sent back for new trial.