In an action for a real estate brokerage commission, judgment of the County Court of Nassau County for plaintiff reversed on the law, with costs, and the complaint dismissed on the law, with costs. The findings of fact implicit in the verdict are affirmed. The broker, under the proved employment, was not entitled to brokerage commission until there was a meeting of the minds of the buyer and *1023 seller upon all the essential terms of a contract of sale. {Arnold v. Schmeidler, 144 App. Div. 420; Sibbald v. Bethlehem Iron Company, 83 N. Y. 378, 382; Gallagher v. Bullea, 199 App. Div. 119; Bouse v. Bornburg, 267 App. Div. 557, affd. 294 N..Y. 750.) The instrument signed by the broker’s agent agreeing that the commission should not be deemed due, earned, or payable unless title actually passed was valid and binding on the broker. (Personal Property Law, § 33, subd. 2; Real Property Law, § 279, subd. 1; Kane Realty Co., Inc., V. National Children’s Stores, Inc., 169 Mise. 699.) Hagarty, Acting P. J., Cars-well, Adel, Nolan and Sneed, JJ., concur.