Dore, J.
(dissenting). Plaintiff claimed that in a telephone conversation defendant employed him as a broker to find a purchaser of her property for $150,000 all cash, and also expressly agreed to pay him commissions. Defendant denied any such agreement to pay commissions but admitted she said the price was $150,000, all cash. The jury found for plaintiff and judgment has been entered in plaintiff’s favor against defendant for $8,975.05.
The record indicates it was plaintiff who pressed himself on defendant’s superintendent, her counsel and finally by telephone on defendant herself. She answered plaintiff’s questions as to price only. Accordingly, the case does not fall into that class of cases in which an owner gives a broker not merely the price but complete terms on which he is willing to sell; it falls into the class in which all the essential terms have not been fixed or agreed on. In that latter class of cases, commissions are not earned until the customer produced by the broker reaches an agreement with the owner on price and other essential terms of the sale. This rule, recognizing the distinction between the different classes of cases, has been frequently applied (House v. Hornburg, 267 App. Div. 557, 560, 562, affd. 294 N. Y. 750; Arnold v. Schmeidler, 144 App. Div. 420; Haase v. Schneider, 112 App. Div. 336).
Plaintiff tried his case on the theory that he had been employed by defendant as a broker to secure a purchaser ready, able and willing to buy on defendant’s terms and that plaintiff fully performed all the conditions on his part to be performed. It was on that theory that the case was submitted to the jury, namely, that plaintiff could recover solely on the basis that he had earned his agreed commissions. Without exception by plaintiff’s attorney, the court charged the jury that it was plaintiff’s duty “ to bring the minds of the buyer and seller to an agreement for a sale and to an agreement as to the price and *185 the other essential terms upon which the sale is to he made.” (Emphasis supplied.) The theory on which the case was pleaded, tried and submitted to the jury is the law of the case and is contrary to the theory that plaintiff now urges to support the judgment in his favor.
After a seller has accepted a purchaser, he may not defeat the broker’s claim for commissions because at the time of making the contract the purchaser was not financially responsible. But that rule is not here applicable as concededly defendant had not accepted plaintiff’s purchaser. Essential to recovery on a claim of this kind is proof that the broker had a customer not only willing to buy on the seller’s terms but with the financial ability to do so (Schnitzer v. Price, 122 App. Div. 409 [2d Dept., Miller, J.]; Alt v. Doscher, 102 App. Div. 344). Plaintiff’s evidence establishes that Dworkin, the alleged proposed purchaser, did not have the purchase price — $150,000 all cash — for the property in question. He had no credit rating whatever and admitted on the witness stand that never in his life did he have $150,000 in cash. Thus he testified: “A. Never. Not only that time, but never in my life. If I had it, I’d use it.” He also admitted that he had no binding agreement with his friend Lutkoff that would entitle him to call upon Lutkoff to provide the substantial amount of money involved, $150,000 all cash; and Lutkoff had died over a year before the trial. Accordingly, plaintiff on his own proof failed to establish an element essential to recovery. A purchaser is not “ able ” when he depends on third parties who are in no way bound to furnish the funds to make the purchase (1 A. L. R. 528, and cases cited).
But that is not all. In a case of this type, before defendant’s alleged refusal to sell to plaintiff’s proposed purchaser could deprive plaintiff of commissions based on a contract for the purchase and sale of defendant’s property, plaintiff first had to prove that he had procured a contract in which the minds of the parties had met on all terms which they deemed essential thereto. On plaintiff’s own theory of the action on which the case was tried and on his own testimony, he failed to prove that there was any meeting of minds on the amount of a down payment or the time of closing, both of which terms were apparently regarded by these parties as essential to the formation of such a bargain as they were considering. Plaintiff’s witness Dworkin testified that apart from price “ as far as terms were concerned, there were no terms as such ”, but he admitted it would take between sixty and ninety days before any closing *186 could be arranged. There is nothing in the record to show any agreement on these material terms, and it is improbable that any seller would be willing to tie up such property for that length of time with no down payment and upon such an indefinite arrangement.
Under the facts in this record, the trial court erred in leaving to the jury to say, what terms were deemed essential to the contract and to speculate without any evidence to guide them as to what sum “ would be required ” for a down payment and what “ date ” would be fixed for a closing. The only possible theory under which there could have been a meeting of the minds would be that the parties had agreed that there would be no down payment and that the transfer of title should occur in a reasonable time. The trial court, on the contrary, assumed that both of these points were intended by these parties to be agreed upon with precision, and erroneously left it to the jury to determine whether the facts were such that' these parties would have agreed upon these points when they came to consider them. These errors are seriously prejudicial, but it is unnecessary to comment on the instructions in detail, as defendant’s motions to dismiss at the close of plaintiff’s case and at the close of the whole case should have been granted, since plaintiff’s own proof failed on plaintiff’s own theory to establish there was any meeting of the minds of the parties on all the terms of the contract which the parties deemed essential so as to warrant payment of commissions to plaintiff as broker. The fundamental rule applicable is stated in Sibbald v. Bethlehem Iron Co. (83 N. Y. 378, 382) as follows: “ But in all the cases, under all and varying forms of expression, the fundamental and correct doctrine is, that the duty assumed by the broker is to bring the minds of the buyer and seller to an agreement for a sale, and the price and terms on which it is to be made, and until that is done his right to commissions does not accrue.” (Emphasis supplied.)
In a similar case and for a similar lack of proof, this court recently reversed a judgment in favor of a plaintiff, broker, and said: “And even if plaintiff had proved it had been employed as broker, it could not recover because it failed to establish that there was such meeting of the minds of the parties on all essential terms of the agreement to purchase as to warrant payment of commissions to plaintiff as broker.” (Globus Realty Corp. v. Fleetwood Terrace, Inc., 275 App. Div. 34.)
In Stern v. Bristol Corp. (273 App. Div. 371, 375-376) this court also reversed a judgment in favor of a plaintiff, broker, *187 entered upon a verdict after a trial before the court and a jury and dismissed the complaint pointing out that the “plaintiff wholly failed to prove any definite agreement on even a bare minimum of the terms essential to the contract claimed, and accordingly failed to prove that the minds of the parties met * * We also said: “ In Thompson & Co., Inc., v. New Madison Square Garden (225 App. Div. 521-522) this court, quoting Gallagher v. Dullea (199 App. Div. 119) stated the rule applicable as follows: 1 It has been held that commissions on the sale of real estate are not earned until the minds of the buyer and the seller meet, not only in respect to the price, but also in respect to the terms of the sale and all the incidents of the transaction which must be worked out and understood between them.’ ”
The Court of Appeals affirmed (298 N. Y. 766).
In Ansorge v. Kane (244 N. Y. 395, 399-400) it was specifically held that the amount of the down payment is not a minor nonessential detail and even though the parties had agreed on the purchase price: ‘ ‘ They had not agreed on the terms of payment. The law implies nothing as to such terms * * *. The contract was never completed.”
There was no evidence adduced to show that the minds of the buyer and seller met on the material terms of the sale; plaintiff never earned his commission; and defendant’s motions to dismiss the complaint should have been granted.
On no theory and certainly not on the theory on which this case was tried and submitted to the jury does this defendant owe this plaintiff the nearly $9,000 the judgment directs her to pay; and to compel such payment is in our opinion to use the machinery of justice to accomplish the opposite for which it was established and maintained.
Accordingly, we dissent and vote to reverse the judgment appealed from and to dismiss the complaint.
Peck, P. J., and Glennon, J., concur with Oallahait, J., Dobe, J., dissents and votes to reverse the judgment and to dismiss the complaint, in an opinion in which Vast Voobhis, J., concurs.
Judgment affirmed, with costs.