ROSSBACH ASSOCIATES, INC., Respondent, *v.* REALTY ASSOCIATES, INC., et al., Appellants.

*Per Curiam.* There is no support in the record for the jury's finding that commissions had been earned on the mortgage transaction. The award of commissions on that branch of the hiring was therefore improper. Accordingly the judgment appealed should be modified, with costs, by eliminating the mortgage commission and dismissing the third and fourth causes of action, and otherwise affirmed.

DORE, J. (dissenting in part). Plaintiff sues defendants for brokerage commissions claimed to be due because defendants orally employed plaintiff as a broker on September 13, 1951, and on the same day plaintiff claims it procured an oral agreement of the parties on all essential terms of the proposed sale and thereafter defendants improperly refused to continue. Defendants appeal from a judgment against them of $41,073.35 entered on a jury's verdict after trial before the court and a jury.

The transaction involved a proposed sale of the Printing Crafts Building covering a whole blockfront on 8th Avenue from 33rd to 34th Streets, Manhattan, — a transaction of considerable magnitude and complexity. Plaintiff sought recovery of $77,100, $49,600 as commissions allegedly due for procuring the purchasers at a price of $4,100,000, and an additional $27,500 as commissions for allegedly procuring a mortgage in the principal sum of $2,750,000. The trial court limited plaintiff's recovery to one half the amount sought and the jury returned a verdict for the maximum sum allowed by the court.

With the majority I agree there is no basis for the commissions claimed to be due on the mortgage transaction; but, even assuming that enough facts were adduced to enable the jury to infer that plaintiff was orally employed by both defendant corporations as broker in both the sale and mortgage transactions, I think plaintiff failed to prove that it procured in the alleged oral agreement relied on a complete meeting of the minds on all terms and conditions *essential* to the proposed sale.

It was established that the subject premises were burdened with a first option given to Bing & Bing, Inc., to purchase the premises and any agreement to sell was necessarily subject to that prior right to meet any proposed offer within the time limited. In fact the agreement of sale subsequently actually entered into with a different buyer and at a *lower* sales price was expressly made conditioned upon that prior right. The premises could be sold in no other way without incurring losing litigation. There was complete absence of any proof that plaintiff's proposed purchasers ever agreed to a contract conditioned upon the option, an indispensable term of any contract of sale.

In contrast to plaintiff's claimed oral agreement, the sale that was actually consummated by a formal written contract contained many essential terms not specified by plaintiff's witnesses including the provision with respect to the option held by Bing & Bing, Inc.

Significant, too, is the fact that any sale was subject to leases and tenancies in this large building; and plaintiff's representative was examining the leases but, before he had finished, plaintiff was told that the premises had been sold to another, and thereafter plaintiff did not finish the examination. Accordingly there was never any consent or approval by plaintiff's proposed purchasers to the large number of important leases on the premises. Further, there was no agreement as to the form of the deed. The deed actually given was a bargain and sale deed without covenants; the record fails to disclose any consent by plaintiff's alleged proposed customers to accept such a deed.

In *Stern* v. *Bristol Corp.* (273 App. Div. 371, 375-376, affd. 298 N. Y. 766), this court said: "In *Thompson & Co., Inc.,* v. *New Madison Square Garden* (225 App. Div. 521–522) this court, quoting *Gallagher* v. *Duella* (199 App. Div. 119) stated the rule applicable as follows: 'It has been held that commissions on the sale of real estate are not earned until the minds of the buyer and seller meet, not only in respect to the price, but also in respect to the terms of the sale and all the incidents of the transaction which must be worked out and understood between them.'"

One of the proposed purchasers, Pokoik, testified that of the amount to be invested he was "missing only about $100,000 on it", and, assuming the proposed purchaser were otherwise financially able to consummate the transaction, that is an admission excluding financial ability in a transaction of this magnitude. A proposed purchaser is not able to perform if he is depending on third parties who are in no way bound to furnish the funds to make the purchase (see 1 A. L. R. 528).

Bad faith on the part of the defendants was not established. There is no proof that defendants broke off negotiations in order to defeat the broker's claim for commissions. A broker is never entitled to commissions for unsuccessful efforts; the risk of failure is wholly his though he expended time, effort and money and, if he fails to accomplish a bargain or his authority is fairly terminated in good faith before complete accomplishment, he gains no right to a commission (*Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378, 384). In this case the property was sold to another buyer for some $50,000 less than what plaintiff claims his purchasers were ready to pay and the contract of sale, actually made, expressly provided for payment of substantial commissions to a broker.

Plaintiff failed to prove a meeting of all the minds on all required terms and failed to adduce facts establishing bad faith on defendants' part. The trial court should have directed a verdict in defendants' favor.

Accordingly, I dissent in part and vote to reverse the judgment appealed from and dismiss the complaint.

Peck, P. J., Glennon and Breitel, JJ., concur in *Per Curiam* opinion; Dore, J., dissents in part and votes to reverse and dismiss the complaint in opinion, in which Cohn, J., concurs.

Judgment modified, with costs to the appellant by eliminating the mortgage commission and dismissing the third and fourth causes of action and otherwise affirmed. Settle order on notice.