JAMES R. BLOOMER, Plaintiff, *v.* EDWARD A. EILY et al., Defendants.

Supreme Court, Trial Term, Nassau County, June 29, 1962.

*Payne, Wood & Littlejohn* for plaintiff. *Sprague, Stern, Aspland, Dwyer & Tobin* for defendants.

PAUL J. WIDLITZ, J. This is an action to recover a brokerage commission. In February, 1958, the defendants Eily listed their home with the plaintiff at a sale price of $135,000. The following month Robert L. Clarkson, Jr., was brought to the dwelling by a Mr. McGusty, a salesman for the plaintiff. The alleged prospective purchaser spent approximately five minutes in the house, and the only conversation had to do with renting. This the owners were not interested in. Although Clarkson was shown other homes, he seemed to be more interested in renting and, in fact, did rent two other homes during the Summers of 1958 and 1959. There was no further consequential contact between the broker and Clarkson as a purchaser. Subsequently, in the early Fall of 1959, Clarkson had occasion to visit the Eily residence socially. During the course of the evening, the conversation turned to the extensive alterations that had recently been made to the dwelling, and this conversation led to another visit and a subsequent contract of sale dated October 16, 1959, providing for a sales price of $125,000. After title closed on April 12, 1960 as provided for in a contract of sale, the plaintiff happened to learn of the transaction and brings this action to recover brokerage commissions.

The testimony indicates that the broker did nothing more than introduce the parties approximately two years prior to the sale, on which occasion the brief conversation had to do with a renting of the premises. In fact, the purchasers did not even inspect the premises in its entirety at the time.

The plaintiff to prevail must prove that he was the procuring cause of the sale (*Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378; *Wylie* v. *Marine Nat. Bank*, 61 N. Y. 415; *Boyd* v. *Improved Property Holding Co.*, 135 App. Div. 623). Something more is demanded of the broker than a mere introduction of the buyer and seller. It is his duty to bring the parties to mutual agree-

ment on the essential terms of the transaction (*Gallagher* v. *Dullea,* 199 App. Div. 119). Nor is it sufficient that the broker negotiated unsuccessfully, even though the transaction was subsequently consummated between the parties, for in such case he was not the procuring cause of the transaction (*Sibbald* v. *Bethlehem Iron Co., supra*).

The plaintiff has failed in his proof, for his efforts had not the slightest influence upon the eventual sale and could not be considered the procuring cause of the transaction. Accordingly, judgment is granted the defendants dismissing the complaint.