■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES HUGHES, Appellant.— Appeal from order entered on December 16, 1969, unanimously dismissed as nonappealable. No opinion. Concur — Capozzoli, J. P., McGivern, Markewich, Nunez and McNally, JJ.

■ NICHOLAS M. VASSILLIADES et al., Respondents, v. P. A. MARGARONIS et al., Appellants.— Order entered September 25, 1969 unanimously reversed, on the law, with $50 costs and disbursements to appellants, the motion granted, and the complaint and amended complaint dismissed. The action, in substance, seeks recovery by the individual plaintiff of his personal claims arising out of two stockholder agreements of October 29, 1959. The first cause of action seeking individual relief on behalf of the plaintiffs on the basis of the two agreements fails to state a cause of action. It seeks to have the court make a determination of a nonjusticiable controversy. The plaintiffs' sole right under the stockholder agreements, the parties having failed to agree as to the price to be paid for the plaintiffs' stock, is to proceed to arbitration. (CPLR 7501; see *Ansorge* v. *Kane,* 244 N. Y. 395.) The second and third causes of action, derivative in nature and based upon the same stockholder agreements, must also be dismissed. All of the defendant corporations are Panamanian corporations, with their principal offices located in Greece and their business offices located in Bermuda. The individual defendant too is a resident of Bermuda. Service of the original summons and complaint was made in Greece and Bermuda. The plaintiffs failed to prove, nevertheless, the transaction of business in this State upon the part of the nonresident defendants within CPLR 302. No spoliation of the assets of the corporate defendants, moreover, was shown to have occurred in New York. Nor may it be said, since the corporate plaintiff is a foreign corporation not doing business in New York and the individual plaintiff is a resident and citizen of Canada, that a tortious act committed without the jurisdiction caused " injury to person or property within the state " (CPLR 302, subd. [a], par. 3). The amended complaint should be dismissed in its entirety. Concur — Stevens, P. J., Eager, McGivern, Nunez and Tilzer, JJ.