■   HAYDEN GRIFFIN, Respondent, v LEO BOOKMAN et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered January 24, 1975, denying appellants' motion to dismiss the cause of action asserted against them, reversed, on the law, the motion granted, the second (and only) cause of action and the complaint as to defendants-appellants dismissed, and the action severed as to them. Appellants shall recover of respondent $60 costs and disbursements of this appeal. The second (and only) cause of action pleaded against the individual defendants is predicated on the following written undertaking, typed on the letterhead of the corporate defendant, addressed to and "accepted" by plaintiff and signed by the appellants: "During the term of your employment with HBS, LTD. the following will be the understanding. 1) If you leave HBS, LTD. for any reason whatsoever, any clients which you have signed to HBS, LTD. during your term of employment may have the right to an immediate release from

HBS, LTD. if they wish same. 2) Any commissions accruing from contracts negotiated for your clients while you are an employee of HBS, LTD. will go to HBS, LTD., but the extent to which HBS, LTD. will share with you will be negotiated at the time of your departure, it being understood HBS, LTD. will receive a minimum of 5%. 3) If any deals are in the process of being negotiated for your clients, but which have not been completed at the time of your leaving HBS, LTD., there will be an arrangement made between you and HBS, LTD. at that time to determine the disposition of commissions accuring *[sic]* from such deals." Whether viewed as a guarantee of the corporation's obligation or as an original undertaking, the above writing is insufficient to establish an enforcible contract since a material element of the contemplated agreement—the extent, if any, of plaintiff's participation in the commissions referred to—is left for future negotiations. (Cf. *Ansorge v Kane,* 244 NY 395.) Concur—Stevens, P. J., Markewich, Murphy and Lupiano, JJ.; Kupferman, J., dissents in the following memorandum: If one ignores the surrounding circumstances pleaded and incorporated by reference into the cause of action for which the motion to dismiss has been granted by the decision of the majority, then there could possibly be a basis for the determination. However, an analysis of the facts pleaded shows that the individual defendants organized the corporate defendant HBS, Ltd. In fact, the initials come from the first letters of the surnames of the individual defendants, and it is alleged that they are the alter egos of the corporate defendant. They were in the business of representing artists, performers and writers at a commission of 10%. Plaintiff was in the same business. The defendants employed him and took over his clients, and it is alleged that they were to pay him 50% of his ongoing commissions from his former clients in the event that the agreement with him was terminated. It was terminated, and the letter agreement set forth in the opinion of the majority then came into play. Paragraph two thereof states that "HBS, Ltd. will receive a minimum of 5%", which is obviously one half of the 10% commission being paid by the clients. It therefore follows that the remaining 5% will be paid to the plaintiff unless HBS could negotiate a better deal. It must always be presumed that the parties will act in good faith. *(Pillois v Billingsley,* 179 F2d 205.) Under these circumstances, the decision of the majority has no foundation, and I would affirm the order of the Judge at the individual calendar part.